**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JEAN LOMBARDI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| BANK OF AMERICA, et al., § | Civil Action No. 3:13-CV-1464-O |
| § | |
| Defendants, § | |
| § | |
| EMI & WICK, LLC, § | |
| § | |
| Intervenor. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order dated May 14, 2013, this case was referred for pretrial management. Before the Court is *Intervenor's Motion for Summary Judgment*, filed September 30, 2013 (doc. 32). Based on the relevant filings and applicable law, its motion for summary judgment on the plaintiff's claims should be **DENIED**, its motion for summary judgment on its trespass-to-try-title counterclaim should be **GRANTED**, and its motion to expunge the notice of *lis pendens* should be **DENIED**.

**I. BACKGROUND**

On March 4, 2013, Jean Lombardi (Plaintiff) sued Bank of America, N.A. (BOA) and the Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12 (BONY) (collectively Defendants) in state court based on the foreclosure of her home, located at 16106 Chalfont Circle, Dallas, Texas 75248

(the Property). (Doc. 1-3 at 2.)[1] On April 15, 2013, Defendants removed the action to federal court pursuant to 29 U.S.C. § 1332 on the basis of diversity jurisdiction. (Doc. 1 at 2-3.) Plaintiff filed her first amended complaint against Defendants on May 11, 2013. (Doc. 9.)

Plaintiff alleges that she purchased the Property on or about October 21, 2004, with a loan from America's Wholesale Lender (AWL). (*Id.* at 3.) She executed a promissory note and a deed of trust securing the note and naming AWL as "Lender" and Plaintiff as "Borrower." (Docs. 9-1 at 1, ¶¶ B, C; 19-2 at 1, ¶1, 12.) Between 2006 and 2009, Plaintiff "participated in one repayment plan[,]" and she obtained three loan modifications from BOA, the mortgage servicer. (Doc. 9 at 3.) She claims that in June 2011, BOA began notifying her of "foreclosure proceedings." (*Id.*) From March through October 2012, Plaintiff purportedly communicated with a BOA specialist to modify her loan for the fourth time and to avoid foreclosure. (*Id.* at 4–5.) On May 4, 2012, MERS assigned the deed of trust to BONY. (Docs. 9 at 3; 19-4 at 1; 34-1 at 27.) While her modification application allegedly remained pending, the substitute trustee sold the Property to BONY at a foreclosure sale on November 6, 2012. (Docs. 9 at 5; 19-5 at 1; 34-1 at 30.) Plaintiff's amended complaint asserted claims for violations of the Real Estate Settlement Practices Act (RESPA), the Texas Property Code, the Texas Debt Collection Practices Act (TDCPA), and the Deceptive Trade Practices Act (DTPA), as well as for wrongful foreclosure, breach of contract, unjust enrichment, negligence, negligent misrepresentation, common law fraud, suit to quiet title, and trespass to try title. (*See* doc. 9 at 6–10, 13–21.) Plaintiff seeks damages, attorney's fees, court costs, an accounting, and a declaratory judgment. (*Id.* at 21–23.)

On March 25, 2013, after this suit had been filed, Defendants entered into a contract to sell

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the Property to EMI & WICK, LLC (Intervenor). (Doc. 34-1 at 45.) On May 3, 2013, BONY issued a special warranty deed and transferred the title to Intervenor. (Doc. 34-1 at 46.) The deed was recorded on May 8, 2013. (Doc. 34-1 at 38-40, 46.) On May 29, 2013, Plaintiff filed a notice of lis pendens against the Property with Dallas County. (Doc. 34-1 at 41.)

On September 10, 2013, Intervenor filed an unopposed motion to intervene in this lawsuit. (Doc. 28.) The motion was granted, and it filed its answer and a counterclaim against Plaintiff on September 13, 2013. (Doc. 30.) On September 30, 2013, Intervenor moved for summary judgment on all of Plaintiff's claims and on its trespass-to-try-title counterclaim. (Doc. 32.) Subsequently, the Court granted Defendants' May 24, 2013 motion to dismiss (doc. 17), and it dismissed Plaintiff's claims for negligence, negligent misrepresentation, common law fraud, suit to quiet title, trespass to try title, unjust enrichment, violations of the DTPA, RESPA, §§ 392.304(a)(8) and (19) of the TDCPA, declaratory judgment on the issue of Defendants' lack of authority to foreclose the property, and for accounting, with prejudice. (*See* docs 43, 45.) Only Plaintiff's wrongful foreclosure claim, breach of contract claim, and her TDCPA claims under §§ 392.301(a)(8) and § 392.303(a)(2) remain pending. (Docs. 43 at 41; 45.)

Intervenor's motion for summary judgment (doc. 32), with a timely-filed response (doc. 39) and reply (doc. 42), is now ripe for recommendation.[2]

---

[2] Plaintiff asserts that Intervenor's motion for summary judgment is not ripe, and that she should be allowed a reasonable time to conduct discovery. (Doc. 40 at 10.) She does not identify the specific discovery materials or information she seeks. (*Id.*) Rule 56(d) provides that if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[,]" courts may either defer considering a motion for summary judgment or deny it and permit additional time for discovery. FED. R. CIV. P. 56(d). Rule 56(d) motions should be liberally granted, *see Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (addressing prior Rule 56(f)), but such deferral requires Plaintiff to show how the discovery will establish a genuine issue of material fact. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990). Even liberally construing Plaintiff's bare assertion as a Rule 56(d) motion, she has not shown entitlement to additional time for discovery, and any such motion should be denied.

## II.  SUMMARY JUDGMENT STANDARD

Intervenor moves for summary judgment. (Docs. 30 at 11-12; 33 at 4.)

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED.R.CIV.P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the non-movant, *id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954

F.2d 1125, 1131 (5th Cir.1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the non-movant fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998).

### III. PLAINTIFF'S CLAIMS

Intervenor moves for summary judgment on Plaintiff's "RESPA, Standing, Violations of the Texas Property Code, Breach of Contract and Anticipatory Breach of Contract, Equitable Relief, Declaratory Judgment, Suit to Quiet Title, and Trespass to Try Title" claims that "seek to rescind the foreclosure sale and establish title in her name" because she has not offered to pay off the indebtedness. (Doc. 33 at 8.)[3]

"Rescission is an equitable remedy that operates to extinguish a contract that is legally valid, but must be set aside due to fraud, mistake, or for some other reasons to avoid unjust enrichment." *Isaacs v. Bishop*, 249 S.W.3d 100, 109 (Tex.App.–Texarkana 2008, pet. denied).

As noted, all of Plaintiff's claims except for her wrongful foreclosure, breach of contract, and §§ 392.301(a)(8), 392.001, and 392.303(a)(2) TDCPA claims were dismissed after the filing of

---

[3] An intervention is "an ancillary proceeding in an already instituted suit or action by which a third person is permitted to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something aversely to both of them." *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926) (citing *Rocca v. Thompson*, 223 U.S. 317, 331 (1912)). Here, Intervenor's unopposed motion to intervene under Rule 24 and align itself with Defendants to resist Plaintiff's claims to the extent they relate to the title to the Property was granted. (See docs. 28, 29.) As a party united with Defendant, Intervenor may proceed against Plaintiff's claims. *See e.g., Ruiz v. Estelle*, 161 F.3d 814, 833 (5th Cir. 1998) (noting that the intervenors sought the same relief as the defendant and they were permitted to seek relief based on different legal theories than the defendant).

Intervenor's motion. (*See* docs. 43; 45.)[4] Plaintiff seeks damages for her breach of contract and TDCPA claims, not equitable relief.[5] The only remaining claim for which the equitable remedy of rescission is available is Plaintiff's wrongful foreclosure claim. (Doc. 9 at 21 (asking the Court to find "that Defendants wrongfully foreclosed on [the Property] and that the Substitute Trustee's Deed should be set aside.").)[6]

Intervenor expressly listed the claims in Plaintiff's complaint upon which it was moving for summary judgment. (See doc. 33 at 8.) Although it listed claims under the Texas Property Code, it did not expressly list or specifically address her wrongful foreclosure claim for failure to provide notice under § 51.002(d) of the Texas Property Code.[7] Intervenor's motion for summary judgment

---

[4] The Court found that Plaintiff had failed to allege a plausible claim that Defendants failed to send her the required notice under Texas Property Code § 51.002(b), but that she has alleged a plausible claim under § 51.002(d). (*See* docs. 43 at 35; 45.)

[5] The permitted remedies for a TDCPA claim are injunctive relief and damages. (*See* doc. 9 at 21-22); Tex. Fin. Code Ann. § 392.403(a). Plaintiff does not seek an injunction.

[6] Plaintiff is barred from seeking money damages for her wrongful foreclosure claim because "[i]n Texas, recovery of damages for wrongful foreclosure 'is premised upon one's lack of possession of real property,' therefore 'individuals never losing possession of the property cannot recover [damages] on a theory of wrongful foreclosure.'" *White v. BAC Home Loans Serv., LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *4 (N.D. Tex. Nov. 2, 2010) (quoting *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336 at *4 (N.D. Tex. June 24, 2009)). It is undisputed that Plaintiff has continually been in possession of the Property. (Doc. 40 at 11.)

[7] Even if Intervenor's motion is construed as seeking summary judgment on the wrongful foreclosure claim, the motion should be denied because it has not met its summary judgment burden on the only applicable defense, i.e., failure to tender. "A tender is an unconditional offer by a debtor to pay another a sum not less than that due on a specified debt or obligation." *Saravia v. Benson*, No. 01-13-00612-CV, 2014 WL 1258553, at *3 (Tex.App.–Houston [14th Dist.] 2014, no pet. h.). "[I]n the ordinary case of a mortgagee *in possession* under a foreclosure void as to the mortgagor[, tender of the mortgage debt] would be a necessary prerequisite for a successful title action by the [mortgagor] against the [mortgagee]." *Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952) (emphasis added); *see also Franklin v. BAC Home Loans Serv., LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *10 (N.D. Tex. June 6, 2012) (emphasis added) (citing *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex.App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.)) ("Texas courts have held that tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee *who is in possession* of the property and claims title under a void foreclosure sale.") *recommendation adopted*, 2012 WL 2688809 (N.D. Tex. July 5, 2012). Even in *James v. Wells Fargo Bank, N.A.*, No. H-14-0449, 2014 WL 2123060, at *8 (S.D. Tex. May 21, 2014), the court noted that "even if the Substitute Trustee's Deed is void, '[t]ender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee *who is in possession* and claims title under a void foreclosure sale.'" *Id.* (emphasis added). In order for a party to assert the failure to tender defense therefore, it is required to plead that it is a mortgagee *in possession* of the

6

on its affirmative defenses should therefore be denied. Because the motion was filed before the Court ruled on Defendant's motion to dismiss, the denial should be without prejudice to filing a second summary judgment motion that specifically addresses Plaintiff's remaining claims.

### IV. INTERVENOR'S COUNTERCLAIM

Intervenor seeks summary judgment on its trespass-to-try-title counterclaim. (Doc. 33 at 6.)

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). "In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex.App.–Corpus Christi 1978, no writ.) (citing Tex. R. Civ. P. 783). To prevail on a trespass-to-try-title claim, a plaintiff must prove that it has a superior title by one of four ways. The plaintiff "must usually (1) prove a regular chain of conveyance from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin*, 133 S.W.3d at 265. As with a suit to quiet title, "the plaintiff must prevail on the strength of his own title and not on the weakness of his adversary's title." *Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988) (citing *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961)). Here, Intervenor seeks to establish superior title out of a common source. (Doc. 33 at 7.)

In Texas, the common source doctrine is codified in Texas Rule of Civil Procedure 798, which states that "[i]t shall not be necessary for the plaintiff to deraign title beyond a common

---

property in question. *See Phillips v. Latham*, 523 S.W.2d 19, 35 (Tex.Civ.App.–Dallas 1975, writ ref'd n.r.e.) ("[A] plaintiff . . . has the burden to plead willingness to pay a debt to defendant *only if* defendant has pleaded his claim as a mortgagee in possession[.]" (emphasis added)). Intervenor has not pled that it is in possession of the Property or disputed Plaintiff's evidence that she has continually remained in possession of the Property.

7

source." Tex. R. Civ. P. 798. "When the plaintiff in an action of trespass to try title has proved that both he and the defendant claimed from the same grantor [i.e., common source], and that he had the superior title as emanating from that source, he has made out a prima facie case." *Federal Land Bank of Houston v. Brooks*, 135 Tex. 370, 373-74 (1940) (quoting *Howard v. Masterson*, 77 Tex. 41, 42 (1890)); *see also Word v. Houston Oil Co. Of Tex.*, 144 S.W. 334, 337 (Tex. 1912) (same); *Snowden v. Glaspy*, 127 S.W.2d 508 (Tex. Civ. App.–Dallas 1939, no writ) ("The correct rule is that, whenever a plaintiff, in a suit in trespass to try title, undertakes to sustain his claim of title by proof of common source, he must show, in order to make a prima facie case for himself, not only that both he and the defendant claim title under a common source, but also must show that the title emanating from the common source which the plaintiff claims is superior to that claimed by defendant, and that plaintiff holds such title.").

**A.**     **Common Source**

Intervenor (counter-plaintiff) asserts that Plaintiff (counter-defendant) is the common source of title in this case. (Doc. 33 at 7.)

"The simplest situation presenting a common source of title is where both parties claim directly from the same grantor, but the more usual situation is where, broadly speaking, both parties claim under the same third person by virtue of mesne conveyances constituting links in their respective chains of title." V. Woerner, Comment Note, *Common Source of Title Doctrine*, 5 A.L.R.3d 375, at § 4[a] (1966); *see also Wilson v. Palmer*, 18 Tex. 592, 596 (1857) (noting that the plaintiff had no burden other than to show his right to the property did not pass from him through a foreclosure sale, therefore showing himself as the common source of title); *Pullin v. Funderberg*, 342 S.W.2d 63, 64 (Tex.Civ.App.–San Antonio 1961, no writ) ("A plaintiff is the common source of title when the defendant deraigns title from plaintiff."). "Although in most instances a third

8

person constitutes the common source of title, the adverse party may also occupy such position. Thus, the plaintiff is the common source where the defendant deraigns title from him, and conversely, the defendant constitutes the common source of title where the plaintiff deraigns title from him." *Id.*

Intervenor provides summary judgment evidence showing that Plaintiff granted a deed of trust in favor of America's Wholesale Lender, which was subsequently assigned to BONY as the mortgagee on May 8, 2012. (Doc. 34-1 at 10-21, 30-32.) Due to Plaintiff's default on her mortgage, BONY purchased the Property from Plaintiff through a foreclosure sale and obtained a substitute trustee's deed on November 6, 2012. (Docs. 33 at 3; 34-1 at 16 ¶ 22, 30, 33-37.) On March 25, 2013, Intervenor contracted with Defendants to purchase the Property. (Doc. 34-1 at 45.) On May 3, 2013, BONY issued a special warranty deed and transferred the title to Intervenor. (Doc. 34-1 at 46.) Intervenor provides evidence that it deraigned title to the Property from Plaintiff.

The burden shifts to Plaintiff to produce evidence that there is a genuine issue of material fact. In response, she acknowledges that "Plaintiff's title and Intervenor's deed are both derivative of the same Warranty Deed when Plaintiff purchased the Property", but asserts that the sellers are the common source. (Doc. 40 at 11.) Because Plaintiff has not identified evidence in the record creating a genuine material fact issue, it is undisputed that Intervenor has deraigned title from Plaintiff, and that she is the common source of both parties' titles.

**B.** **Superior Title**

Once the party asserting the trespass to try title claim establishes the common source of the title, the next step is for it to show that it holds a superior title under that source. *See Word*, 144 S.W. at 337; *Temple Lumber Co. v. Arnold*, 14 S.W.2d 926, 929 (Tex. Civ. App.–Beaumont 1929, writ dism'd w.o.j.). Here, Intervenor may show superior title by showing that its title derived from

the foreclosure sale because a party "obtain[s] superior title when [it] purchase[s] the lien at a foreclosure sale" as the mortgagor's chain of title is cut off by the trustee's deed. *Casstevens v. Smith*, 269 S.W.3d 222, 235 (Tex.App.–Texarkana 2008, pet. denied).

As already noted, Intervenor provides summary judgment evidence showing that Plaintiff granted a deed of trust in favor of America's Wholesale Lender when she purchased the property, which was subsequently assigned to BONY as the mortgagee on May 8, 2012. (Doc. 34-1 at 10-21, 30-32.) BONY then purchased the Property from Plaintiff through a foreclosure sale, and Intervenor purchased the Property from BONY. (Docs. 33 at 3; 34-1 at 16 ¶ 22, 30, 33-37, 45-46.) Intervenor met its summary judgment burden of showing superior title by producing evidence that it derived title to the Property through the foreclosure sale arising from the deed of trust. *See Casstevens*, 269 S.W.3d at 235.

The burden shifts to Plaintiff to produce evidence showing that there is a disputed material fact as to Intervenor's superior title. Plaintiff asserts that she has superior title because the foreclosure sale is void, citing the first amended complaint and her affidavit. (Doc. 40 at 11.) She alleges that Defendants' failed to send her notice under the Texas Property Code § 52.002. (Doc. 9 at 9.) "Under Texas law, a foreclosure sale may be set aside as invalid if notice under section 51.002 is not properly and timely served." *Rodriguez v. U.S. Bank, N.A.*, No. SA-12-CV-345-XR, 2013 WL 3146844, at *8 (W.D. Tex. June 18, 2013); *see Lido Intern., Inc. v. Lambeth*, 611 S.W.2d 622, 624 (Tex. 1981); *Shearer v. Allied Live Oak Bank*, 758 S.W.2d 940, 942 (Tex.App.–Corpus Christi 1988, writ denied).[8]

---

[8] "Courts generally construe claims alleging failure to properly notice under § 52.002 as claims for wrongful foreclosure." *James v. Wells Fargo Bank, N.A.*, No. H-14-0449, 2014 WL 2123060, at *6 (S.D. Tex. May 21, 2014). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 747, 766 (N.D. Tex. 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268

Plaintiff's affidavit does not state that Defendants failed to send her notice. In one section of the affidavit, it states that Plaintiff was unable to reach one of Defendants' agents with whom she had contacts related to her loan modification in October 2012, but it acknowledges that she knew the foreclosure sale was scheduled for November 6, 2012. (Doc. 41-1 at 3.) This statement is insufficient to create a fact issue regarding whether she failed to receive proper notice from Defendants under § 51.002(d).

Plaintiff failed to provide evidence that shows that there is a material fact issue on whether Intervenor's title was superior. Because Intervenor produced evidence showing a common source and superior title to Plaintiff's, summary judgment on its trespass-to-try-title counterclaim should be **GRANTED**.

## V.  LIS PENDENS

Intervenor also seeks expungement of the notice of *lis pendens* filed by Plaintiff. (Doc. 33 at 13-14.)

Under § 12.007(c) of the Texas Property Code, "[t]he court shall order the notice of lis pendens expunged if the court determines that: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by preponderance of evidence the probable validity of the real property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d)." Tex. Prop.Code § 12.0071(c).

---

S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. Recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be [a] [grossly] inadequate selling price resulting from the defect." *Biggers v. BAC Hom Loans Serv., LP*, 767 F. Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.).

11

It is unclear whether federal courts have jurisdiction to order expungement. *See Selma Roadhouse Companeros, Ltd. v. Leal*, No. SA-13-CV-00620-DAE, 2013 WL 4515970, at *4 (W.D. Tex. Aug. 22, 2013) ("[E]ven if Plaintiffs improperly filed this lawsuit, that fact would not confer subject matter jurisdiction upon *this Court*. Whether Plaintiffs, as a matter of Texas law, may bring an independent cause of action to expunge lis pendens is a matter for the state court to consider upon remand." (emphasis original)); *Byers v. Bank of Am. New York Mellon*, No. 4:12cv143, 2012 WL 3236783, at *2 (E.D. Tex. Aug. 7, 2012) ("Defendants rely on a provision of the Texas Property Code as the authority for their requested relief [i.e. to expunge lis pendens], but have not shown how this Court is the court of proper jurisdiction."); *see also Naddour v. Nationstar Mortgage, LLC*, No. 3:11-CV-1096-B, 2012 WL 4473127, at *7 n.4 (N.D. Tex. Sept. 27, 2012) ("[T]he Court's determination that the lis pendens should be expunged is not to be read itself as an order of expungement. To obtain the expungement, the Defendants must comply with the appropriate provisions of the Texas Property Code."); *see also 377 Realty Partners, L.P. v. Taffarello*, 562 F. Supp. 2d 787 (E.D. Tex. 2006) ("cancellation of a lis pendens may only be effectuated by the court in which the lis pendens is recorded"), citing Tex. Prop. Code § 12.008.

In addition, even if federal courts have jurisdiction to order an expungement of the notice of *lis pendens*, entitlement to an order for expungement has been found appropriate only after all claims on the Property have been resolved. *See W & L Ventures, Inc. v. East West Bank*, No. H-13-00754, 2014 WL 3810692, at *2 (S.D. Tex. Aug. 1, 2014) (granting the party's motion to expunge the *lis pendens* because all of the real property claims have been dismissed with prejudice). Here, Plaintiff's wrongful foreclosure claim on the Property remains pending. (*See* docs. 43 at 42; 45.)

Intervenor's motion to expunge the notice of *lis pendens* therefore should be **DENIED**.

12

## VI. RECOMMENDATION

Intervenor's motion for summary judgment on Plaintiff's claims should be **DENIED** without prejudice to filing a second motion that specifically addresses Plaintiff's remaining claims, its motion for summary judgment on its trespass-to-try-title counterclaim should be **GRANTED**, and its motion to expunge the notice of *lis pendens* should be **DENIED**.

**SO RECOMMENDED** on this 5th day of September, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE