IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN LOMBARDI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-1464-O |
| | § | |
| BANK OF AMERICA et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Intervenor's Motion for Summary Judgment (ECF No. 32), filed September 30, 2013. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), the Court referred the case to the Magistrate Judge for pretrial management (ECF No. 14). The United States Magistrate Judge made findings, conclusions, and a recommendation on the pending motion (ECF No. 72). Intervenor and Plaintiff filed objections. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ P. 72(a). For the reasons that follow, the Court accepts the findings, conclusions, and recommendation of the Magistrate Judge.

**I.    BACKGROUND**

The instant action arises out of an alleged wrongful foreclosure.[1] Plaintiff purchased a home located at 16106 Chalfont Circle, Dallas, Texas 75248 ("the Property") on October 21, 2004. Pl.'s

---

[1] The Court assumes the parties' familiarity with the underlying facts to this suit. There are no objections to the Magistrate Judge's discussion of the facts. As a result, the Court adopts the factual recitation from the Magistrate Judge's findings.

Am. Compl. 3, ECF No. 9. Plaintiff executed a promissory note and a deed of trust securing the note naming America's Wholesale Lender ("AWL") as the lender. Pl.'s Am. Compl. (Exhibit A) 1, ECF No. 9-1. From 2006 through 2009, Plaintiff participated in a repayment plan and obtained three loan modifications from the mortgage servicer, Defendant Bank of America ("BA"). Pl.'s Am. Compl. 3, ECF No. 9. Plaintiff alleges that she communicated with BA from March through October 2012 to modify the loan for the fourth time in an effort to avoid a foreclosure. *Id.* at 4-5. On May 4, 2012, Mortgage Electronic Registration Systems assigned the deed of trust to Defendant Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12 ("BNY"). *Id*. at 3. The Property was later sold to BNY at a foreclosure sale on November 6, 2012. *Id*. at 5.

Plaintiff filed the instant action on March 4, 2013, against BA and BNY. Notice of Removal ¶ 1, ECF No. 1. She later amended her Complaint on May 11, 2013.[2] *See generally* Pl.'s Am. Compl., ECF No. 9. On March 5, 2013, BA and BNY entered into a contract to sell the Property to EMI & Wick, LLC ("EMI"). Intervenor's App. Br. Supp. Mot. Summ. J. 45, ECF No. 34-1. BNY issued a special warranty deed to EMI on May 3, 2013, and the deed was recorded on May 8, 2013. *Id*. at 38-40, 46, ECF No. 34-1. On September 10, 2013, EMI filed an unopposed motion to intervene in this lawsuit. Intervenor's Unopposed Mot. Intervene, ECF No. 28. On May 5, 2013, all case dispositive motions in this suit were referred to the Magistrate Judge for recommendation

---

[2] Plaintiff alleged claims for violations of the Real Estate Settlement Practices Act (RESPA), the Texas Property Code, the Texas Debt Collection Practices Act (TDCPA), the Deceptive Trade Practices Act (DTPA), wrongful foreclosure, breach of contract, unjust enrichment, negligence, negligent misrepresentation, common law fraud, suit to quiet title, and trespass to try title. *See generally* Pl.'s Am. Compl., ECF No. 9. The Court partially granted BA and BNY's Motion to Dismiss Plaintiff's claims (ECF No. 45) for negligence, negligent misrepresentation, common law fraud, suit to quiet title, trespass to try title, unjust enrichment, and violations of the DTPA, RESPA, and Sections 392.304(a)(8) and (19) of the TDCPA.

according to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) (ECF No. 14). EMI later filed a motion for summary judgment on September 30, 2013 (ECF No. 32).

The Magistrate Judge issued her findings, conclusions, and recommendation on September 5, 2014 (ECF No. 72) ("the Report"). Specifically, she recommended that (1) EMI's motion for summary judgment on Plaintiff's claims should be denied without prejudice to filing a second motion specifically addressing Plaintiff's remaining claims; (2) EMI's motion for summary judgment should be granted on its trespass-to-try-title counterclaim; and (3) EMI's motion to expunge the notice of lis pendens should be denied. Plaintiff and EMI each filed objections.

## II.   LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied.

*Id.* at 250.

## III. ANALYSIS

The Court now turns to the parties' objections to the Report.

### A. EMI's Objections

#### 1. Wrongful Foreclosure and Affirmative Defenses

In her findings, conclusions, and recommendation, the Magistrate Judge found that:

> Intervenor expressly listed the claims in Plaintiff's complaint upon which it was moving for summary judgment . . . . Although it listed claims under the Texas Property Code, it did not expressly list or specifically address her wrongful foreclosure claim for failure to provide notice under § 51.002(d) of the Texas Property Code. Intervenor's motion for summary judgment on its affirmative defenses should therefore be denied. Because the motion was filed before the Court ruled on Defendant's motion to dismiss, the denial should be without prejudice to filing a second summary judgment motion that specifically addresses Plaintiff's remaining claims.

Report 6-7, ECF No. 72. EMI objects to this portion of the Report arguing that it sufficiently addressed Plaintiff's complaint involving Section 51.002(d) by citing to it in a footnote. Intervenor's Objections 5, ECF No. 74. Having considered the objection, the Court concludes it lacks merit and is therefore overruled.

The Fifth Circuit has held that "a district court may not grant summary judgment *sua sponte* on grounds not requested by the moving party." *John Deere Co. v. American Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987). Granting summary judgment on a ground not specifically raised and argued is contrary to the procedural safeguards of Federal Rule of Civil Procedure 56. *Id*. The Court agrees with the Magistrate Judge that EMI failed to adequately address this claim in its summary judgment motion. The Court affirms the Magistrate Judge's recommendation that EMI is permitted to file a second motion for summary judgment that specifically addresses Plaintiff's remaining claims. In this way, Plaintiff will be afforded the opportunity to respond to the argument.

Additionally, EMI objects to the Magistrate Judge's finding that its affirmative defenses were not applicable. *See* Intervenor's Objections 5-10, ECF No. 74. The Court's decision affirming the Magistrate Judge's recommendation allowing EMI to file a second summary judgment motion renders this objection moot. The Magistrate Judge will consider EMI's affirmative defenses in connection with EMI's renewed summary judgment briefing. Accordingly, the objection is overruled.

### 2. Judgment of Possession

EMI next objects to the Magistrate Judge's failure to grant judgement of possession after finding that EMI's trespass-to-try-title counterclaim should be granted. Intervenor's Objections 4, ECF No. 74. In its summary judgment motion, EMI summarily stated that it was "entitled to judgment of title and possession to the real property subject to this proceeding" because it was entitled to summary judgment on all of Plaintiff's then-pending claims. As previously noted, many of the claims for which EMI sought summary judgment were dismissed. Thus, the Court overrules this objection for the same reasons discussed above. *See supra* Part III.A.1. The Court affirms the Magistrate Judge's recommendation that EMI is permitted to file a second motion for summary judgment that specifically addresses Plaintiff's remaining claims.

### 3. Lis Pendens

The Magistrate Judge found that EMI's motion to expunge the notice of lis pendens should be denied because Plaintiff's wrongful foreclosure claim remains pending. Report 11, ECF No. 72. EMI objects to this finding. Intervenor's Objections 10, ECF No. 74. Texas Property Code Section 12.007(c) provides that "[t]he court shall order the notice of lis pendens expunged if the court determines that: (1) the pleading on which the notice is based does not contain a real property claim; (2) the claimant fails to establish by a preponderance of evidence the probable validity of the real

property claim; or (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d)." Tex. Prop. Code § 12.0071(c). Expungement of a lis pendens is only proper when all claims to the property have been resolved. *W & L Ventures, Inc. v. East West Bank*, No. H-13-00754, 2014 WL 3810692, at *2 (S.D. Tex. Aug. 1, 2014). As the Magistrate Judge correctly found, Plaintiff's wrongful foreclosure claim for the Property remains pending. Accordingly, this objection is overruled.

    **B.**    **Plaintiff's Objections**

        1.    <u>Trespass to Try Title</u>

The Magistrate Judge found that EMI produced sufficient evidence "showing a common source and superior title to Plaintiff's" such that EMI should be granted summary judgment on its trespass-to-try-title claim. Report 11, ECF No. 72. Plaintiff objects to the Magistrate Judge's finding that her title was not superior. Plaintiff argues that whether she "knew of the foreclosure sale does not subvert her claim that the foreclosure sale was invalid as a result of Defendant's failure to send proper notices." Pl.'s Objections 3, ECF No. 76. Plaintiff further objects to the finding that Plaintiff is the common source of the title. *Id*. at 4.

    The Magistrate Judge found:

> Intervenor provides evidence that it deraigned title to the Property from Plaintiff. . . . The burden shifts to Plaintiff to produce evidence that there is a genuine issue of material fact. In response, she acknowledges that 'Plaintiff's title and Intervenor's deed are both derivative of the same Warranty Deed when Plaintiff purchased the Property', but asserts that the sellers are the common source . . . Because Plaintiff has not identified evidence in the record creating a genuine material fact issue, it is undisputed that Intervenor has deraigned title from Plaintiff and that she is the common source of both parties' titles.

Report 9, ECF No. 76. The Magistrate Judge further found:

> Intervenor met its summary judgment burden of showing superior title by producing evidence that it derived title to the Property through the foreclosure sale arising from

> the deed of trust. *See Casstevens* [*v. Smith*], 269 S.W.3d [222,] 235 [(Tex.App.–Texarkana 2008, pet. denied)]. . . .The burden shifts to Plaintiff to produce evidence showing that there is a disputed material fact as to Intervenor's superior title. . . She alleges that Defendants' failed to send her notice under the Texas Property Code § 52.002. . . Plaintiff's affidavit does not state that Defendants failed to send her notice. In one section of the affidavit, it states that Plaintiff was unable to reach one of Defendants' agents with whom she had contacts related to her loan modification in October 2012, but it acknowledges that she knew the foreclosure sale was scheduled for November 6, 2012. . . This statement is insufficient to create a fact issue regarding whether she failed to receive proper notice from Defendants under § 51.002(d).

Report 10-11, ECF No. 76. In her objections, Plaintiff failed to point to additional evidence in the record to establish a genuine issue of material fact to overcome summary judgment. This objection is overruled.

## IV. CONCLUSION

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are **accepted** as the Findings and Conclusions of the Court.

For the reasons stated in the Findings, Conclusions, and Recommendation, EMI's Motion for Summary Judgment, filed September 30, 2013 (ECF No. 32), is **DENIED in part** and **GRANTED in part**. EMI's motion for summary judgment on Plaintiff's claims is **DENIED** without prejudice to filing a second motion that specifically addresses Plaintiff's remaining claims, its motion for summary judgment on its trespass-to-try-title counterclaim is **GRANTED**, and its motion to expunge the notice of lis pendens is **DENIED**.

Additionally, this case remains referred to Magistrate Judge Ramirez for pretrial management. The judge's copy of future filings shall be sent with a transmittal letter addressed to

...

Magistrate Judge Ramirez so copies can be sent directly to her without delay.

**SO ORDERED** on this **26th day** of **September, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**