**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JEAN LOMBARDI,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:13-CV-1464-O |
| § | |
| **BANK OF AMERICA, et al.,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated May 14, 2013, this case was referred for pretrial management. Before the Court is *Defendants' Motion for Summary Judgment*, filed June 20, 2014 (doc. 50). Based on the relevant filings and applicable law, the motion for summary judgment should be **GRANTED in part, and DENIED in part.**

**I. BACKGROUND**

On March 4, 2013, Jean Lombardi (Plaintiff) sued Bank of America, N.A. (BOA) and the Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12 (BONY) (collectively, Defendants) in state court for claims arising out of the foreclosure of her home located at 16106 Chalfont Circle, Dallas, Texas 75248 (the Property). (doc. 1-3 at 2.)[1] Defendants removed the action to federal court on the basis of diversity jurisdiction on April 15, 2013. (doc. 1 at 2-3.) On May 11, 2013, Plaintiff filed an amended complaint. (doc. 9.)

Plaintiff alleges that she purchased the Property on or about October 21, 2004, with a loan

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

from America's Wholesale Lender (AWL) for $288,000.00. (doc. 9 at 3.) She executed a promissory note and a deed of trust securing the note and naming AWL as "Lender" and Plaintiff as "Borrower."[2] (docs. 9-1 at 1, ¶¶ B, C; 52-3 at 1,¶¶ B, C.)

The deed of trust included a "notice" clause providing that Lender would notify Borrower of a default on the note, that Borrower's failure to cure the default would result in acceleration, and that Borrower had a right to reinstate and bring a court action to assert defenses to acceleration and foreclosure. (*See* doc. 52-3 at 10, ¶ 22.)

Between 2006 and 2009, Plaintiff encountered financial difficulties and "participated in one repayment plan and three separate loan modifications." (doc. 9 at 3.) On May 3, 2011, BOA sent Plaintiff a notice informing her that her loan was in default, she had to cure the default in order to avoid acceleration of her loan payments by paying $4,256.07 on or before June 2, 2011, she had the right to cure the default after acceleration, and she had the right to bring a court action to assert a defense to acceleration and foreclosure. (doc. 52-6.) In June 2011, BOA, the loan servicer, "began notifying" her "of foreclosure proceedings." (doc. 9 at 3.) From March through October 2012, she allegedly communicated with a BOA specialist to modify her loan for the fourth time and avoid foreclosure. (*Id*. at 4-5.)

On May 4, 2012, MERS assigned the deed of trust to BONY. (docs. 9 at 3; 52-4.) On November 6, 2012, while her loan modification application was purportedly still pending, the substitute trustee sold the Property to BONY at a foreclosure sale for $291,060.00. (*See* doc. 52-10

---

[2] William M. Lombardi was also listed as "Borrower," but he is not a party in this action. (*See* docs. 1-3 at 2; 52-2 at 3; 52-3 at 1.)

at 1.)  The first amended complaint asserts claims for violations of the Real Estate Settlement Practices Act (RESPA), the Texas Property Code (wrongful foreclosure), the Texas Debt Collection Practices Act (TDCPA), and the Deceptive Trade Practices Act (DTPA), as well as for breach of contract, unjust enrichment, negligence, negligent misrepresentation, common law fraud, suit to quiet title, and trespass to try title. (doc. 9 at 6–10, 13–21.) Plaintiff seeks damages, attorney's fees, court costs, an accounting, and declaratory judgment. (*Id.* at 21–23.)

Defendants' May 24, 2013 motion to dismiss was granted in part, and Plaintiff's claims for negligence, negligent misrepresentation, common law fraud, suit to quiet title, trespass to try title, unjust enrichment, violations of the DTPA, RESPA, and §§ 392.304(a)(8) and (19) of the TDCPA were dismissed with prejudice. (doc. 45.)  Her requests for declaratory judgment regarding Defendants' lack of authority to foreclose on the Property and Defendant's breach of a consent judgment as well as her request for an accounting were also dismissed with prejudice. (*See* docs. 43, 45.)  Remaining were Plaintiff's wrongful foreclosure and breach of contract claims based on Defendants' purported failure to send her a notice of default, opportunity to cure, and intent to accelerate as required by the deed of trust and the Texas Property Code, and her TDCPA claims under §§ 392.301(a)(8) and § 392.303(a)(2) for failure to pay the requisite bond and for charging unauthorized fees. (*See* docs. 43 at 41; 45.) Also remaining were her requests for declarations that Defendants "breached the deed of trust" and that they have "unclean hands". (*See* doc. 43 at 39.)

On June 20, 2014, Defendants filed a motion for summary judgment as to Plaintiff's claims for breach of contract, anticipatory breach of contract, quiet title, and violation of RESPA, the TDCPA, and the DTPA, and on her request for declaratory judgment. Defendants' motion (doc. 50),

3

with a timely-filed response (doc. 58) and reply (doc. 64), is now ripe for recommendation.[3]

## II.  DEFENDANTS' EVIDENTIARY OBJECTIONS

In their reply to their motion for summary judgment, Defendants object to certain exhibits attached to an affidavit offered by Plaintiff in support of her response to the motion for summary judgment. (doc. 64 at 2.) Because those exhibits, even if considered, do not affect the disposition of the pending motion for summary judgment, Defendants' objections are **OVERRULED as moot**. *See Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 984690, at *1 n. 6 (N.D.Tex. Apr. 14, 2006 (Fitzwater, J.) (overruling as moot objections to evidence that was not considered by the court in deciding motion for summary judgment).

## III.  MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on Plaintiff's claims for breach of contract, anticipatory breach of contract, quiet title, and violation of RESPA, the TDCPA, and the DTPA, and on her request for declaratory judgment. (doc. 50 at 12-22.) Because Plaintiff's claims for anticipatory breach of contract, quiet title, and violation of RESPA and the DTPA have already been dismissed with prejudice, (*see* doc. 45), they are not addressed.

### A.    **Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

---

[3]On January 30, 2015, well after the motion became ripe, Defendants filed a supplement to their motion for summary judgment. (*See* doc. 110.) The supplement seeks to dismiss Plaintiff's claim for wrongful foreclosure, "to the extent the Court determines Plaintiff has properly asserted a common law claim for wrongful foreclosure". (*See id.* at 2-5.) In the findings, conclusions and recommendation dated February 19, 2014, the Court expressly found that Plaintiff's allegations that Defendants failed to send her the requisite notices under the Texas Property Code stated a claim for wrongful foreclosure, and that the claim survived the motion to dismiss. (*See* doc. 43 at 4, 33-35, 41.) Because Defendants did not seek or receive leave to file supplemental briefing, and Plaintiff has had no opportunity to respond, it is not considered. *See* Northern District of Texas Local Rule 56.7.

matter of law. FED.R.CIV.P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED.R.CIV.P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the non-movant, *id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the non-movant fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998).

**B.      Breach of Contract**

Defendants move for summary judgment on Plaintiff's breach of contract claim based on her allegations that Defendants breached the deed of trust by failing to provide notice of default. (doc. 51 at 12.)

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 747, 759 (N.D. Tex. 2012) (citations omitted).

   *1.      Failure to Perform*

Defendants first contend that Plaintiff's breach of contract claim fails as a matter of law because she is undisputedly in default on the note. (doc. 51 at 12.) It is well-established "that a party to a contract who is himself in default cannot maintain a suit for its breach." *Langlois v. Wells Fargo Bank Nat. Ass'n*, 581 F. App'x 421, 425 (5th Cir. 2014)(quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)) (internal quotation marks omitted). However, "where the alleged contractual obligation to provide notice presupposes the recipient is already in breach of his contractual obligations, failure to provide notice is nonetheless actionable." *Covarrubias v. U.S. Bank, N.A.*, No. 3:13-cv-3002, 2015 WL 221083, at *14 (N.D. Tex. Jan. 15, 2015). Because the notice requirement and foreclosure of the Property pursuant to the deed of trust were triggered by Plaintiff's default, her default does not preclude her from bringing a claim for breach of the deed of

6

trust. *Id.*; *Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-O, 2013 WL 6840022, at *6 (N.D.Tex. Dec. 27, 2013). Therefore, Plaintiff's default under the deed of trust is not fatal to her breach of contract claim, and summary judgment should be denied on this claim on this basis.

### *2. Deed of Trust Notice Requirements*

Defendants next contend that Plaintiff's claim fails because there is no genuine issue of fact that BOA provided Plaintiff with "proper notices." (doc. 51 at 13.) Paragraph 22 of the deed of trust required Lender "to provide [] Borrower" with certain notices. (doc. 52-3 at 10.) Specifically, pursuant to paragraph 22, Lender was required to provide Borrower with two notices. The first notice would include the following: (1) notice that there was a "default" on the note; (2) "the action required to cure the default"; (3) the date by which to cure the default; (4) the statement that failure to cure would result in "acceleration" of the note and foreclosure of the Property; (5) the statement that Borrower had the "right to reinstate after acceleration"; and (6) the statement that Borrower had the "right to bring a court action to assert" a defense to acceleration or foreclosure. (*Id.* at 10, ¶ 22.) If Lender invoked the power of sale, Lender would give Borrower a second notice providing the details about the foreclosure process, such as "the time, place, and terms of [the] sale." (*Id.*) Lender would publically "post" the foreclosure notice and file it with the County Clerk's office, and would also send Plaintiff a copy of the notice via certified mail. (*Id.*)

To show that BOA sent the first notice required by paragraph 22 (the Default Notice), Defendants provide a letter dated May 3, 2011, which notified Plaintiff of her default, provided an amount required to cure the default, advised her that she must cure the default by June 2, 2011 and that if she failed to do so, her mortgage payments would be accelerated. (doc. 52-6 at 1.) The letter was addressed to "William M & Jean C Lombardi" at the Property address. (*Id.*) Along with the

7

letter, Defendants offer the declaration of Scott A. Horowitz, BOA's Vice President and Operations Team Manager, in which he purports to authenticate attached documents as business records and declares that the letter was sent via regular and certified mail. (doc. 52-1 at 2.)

Defendants' evidence demonstrates BOA's compliance with the notice requirements of the deed of trust outlined in paragraph 22. Therefore, they have met their summary judgment burden to show that there is no genuine issue of material fact with respect to Plaintiff's breach of contract claim based on the allegations regarding violations of the deed of trust. The burden now shifts to Plaintiff to show that there is a genuine issue of material fact with respect to her claim. She does not argue or provide any evidence that BOA did not send her the Default Notice or that she did not receive the Default Notice. Therefore, she has failed to identify evidence sufficient to create a genuine issue of material fact as to whether BOA sent her the Default Notice.

Instead, Plaintiff argues that Defendants breached the deed of trust by failing to provide her with a notice of acceleration. In her live complaint, she only alleges that Defendants breached the deed of trust by failing to send her the Default Notice. (*See* doc. 43 at 14.) In any event, the deed of trust does not require the Lender to send her a notice that her loan has been accelerated. (*See* doc. 52-3.) Plaintiff cannot, therefore, establish that Defendants breached the deed of trust by failing to provide her with a notice of acceleration.

Plaintiff has failed to meet her burden to show a genuine issue of material fact as to her breach of contract claim, and Defendants' motion for summary judgment as to her breach of contract claim should be granted on this basis.[4]

---

[4] Defendants also move for summary judgment on Plaintiff's breach of contract claim based on her allegations that they violated section 51.002(d) of the Texas Property Code by failing to provide notice of default. Because the Texas Property Code is not a contract, Plaintiff's allegations regarding Defendants' alleged failure to provide notice under the Texas Property Code are properly construed as asserting a wrongful foreclosure claim

8

**C.     TDCPA**

Defendants next move for summary judgment on Plaintiff's claims for violation of §§ 392.301(a)(8), 392.303(a)(2), and 392.101 of the TDCPA, on the grounds that BONY is not a third-party debt collector. (doc. 51 at 17.)

Plaintiff alleges that her mortgage was in default when MERS assigned it to BONY. (doc. 9 at 3.) BONY purportedly failed to post the "required" bond with the secretary of state as required under § 392.101 before engaging in debt collection activities, including foreclosing on the Property. (*Id.* at 3, 17.) She claims that "BOA was the loan servicer and agent for BONY" during the relevant time period. (*Id.* at 3.) She concludes that since neither BONY nor BOA were "authorized to collect" on her mortgage, the foreclosure was an action "prohibited by law." (*Id.* at 17.) She further argues that since the "foreclosure was improper," all of the "fees incurred as a result of the foreclosure were unauthorized." (*Id.*)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M BH, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *rec. adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). Subsection 392.301(a)(8) provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8). During debt collection, § 392.303(a)(2) prohibits a debt collector from using "unfair or unconscionable means that employ"

---

rather than a breach of contract claim.  (*See* doc. 43 at 33 ("Plaintiff's contentions that 'Defendants failed to send' her the requisite notices under §§ 51.002(b), (d) of the Texas Property Code (doc. 9 at 8-9) assert a wrongful foreclosure claim.").)  The portion of Defendants' motion for summary judgment that relates to these allegations only seeks dismissal of the breach of contract claim, not the wrongful foreclosure claim, so these allegations need not be addressed.

9

"collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest, or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code Ann. § 392.303(a)(2).

The TDCPA requires "[t]hird-party debt collectors" to obtain a $10,000 "surety bond" from an authorized surety company and file a copy with the secretary of state prior to engaging in debt collection. Tex. Fin. Code Ann. § 392.101. The TDCPA tracks the definition of "third-party debt collector" of the Federal Debt Collection Practices Act (FDCPA). *See id.* § 392.001(7) ("Third-party debt collector means a debt collector, as defined by 15 U.S.C. Section 1692a(6)" of the FDCPA). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Section 1692a(6) expressly excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *not in default* at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii) (emphasis added). Courts have therefore held that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*" *CA Partners v. Spears*, 274 S.W.3d 51, 79 (Tex. App.—Houston[14th Dist.] 2008, pet. denied) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis added). In short, "[i]f a debt is in default at the time the assignee acquires his interest in the debt, he is a 'third-party debt collector' within the contemplation of [] section 392.101(a) of the [TDCPA]" *Adams v. Bank of Am.*, No. 4:10-CV-709, 2011 WL 5080217, at *7 (E.D. Tex. Oct. 26, 2011), *aff'd*, 475 Fed. App'x 526 (5th Cir. 2012).

Defendants argue that Plaintiff cannot provide evidence that BONY's principal business is the collection of debts, and that BONY attempted to collect on her loan. (doc. 51 at 17.) They further argue that she has not alleged that BONY regularly collects or attempts to collect debts owed to another, and she "has not set forth the date she defaulted on the Loan vis-a-vis the date BONY acquired any interest in the Loan." (*Id.*)

Where, as here, the non-movant bears the burden of proof, the movant's burden may be discharged by pointing out to the Court that there is an absence of evidence to support the non-movant's case. *Celotex*, 477 U.S. at 325. To defeat the motion for summary judgment, the non-movant must then direct the Court's attention to facts that support all the essential elements of his claim. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). "[I]f the non-movant fails to present sufficient facts to support an essential element of his claim, summary judgment is appropriate." *Id.* (citing *Celotex*, 477 U.S. at 322-23).

Plaintiff simply responds that according to the TDCPA, FDCPA, and "authorities interpreting these statutes," BONY falls squarely within the definition of a debt collector and is therefore required to file a bond. (doc. 59 at 13.) As outlined above, however, a third-party debt collector under the TDCPA and FDCPA is one whose business has the principal purpose of collecting debts or who regularly collects debts owed or due to another. 15 U.S.C. § 1692a(6). A third-party debt collector includes creditors, servicing companies, or assignees of a debt if the debt was in default at the time it was assigned. *See CA Partners*, 274 S.W.3d at 79. Plaintiff fails to provide any evidence that BONY attempted to collect her debt. She also fails to point to any evidence that BONY is engaged in a business the principal purpose of which is debt collection, or that it regularly collects or attempts to collect debts owed or due to another. Finally, she fails to point to any evidence that

11

her loan was in default at the time BONY acquired an interest in it. Plaintiff has therefore failed to provide evidence sufficient for a reasonable jury to conclude that BONY is a debt collector. Accordingly, Defendants' motion for summary judgment as to Plaintiff's TDCPA claims should be granted.[5]

**D.     Declaratory Judgment**

Defendants move for summary judgment on Plaintiff's request for declaratory judgment on the basis that the amended complaint and evidence do not support Plaintiff's request for relief on any of her underlying claims. (doc. 51 at 21.)

Plaintiff seeks relief under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code. (*See* doc. 9 at 21.) "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action" such as this one. *See Brock v. Fed. Nat'l Mortg. Ass'n*, No. 4:11-CV-211-A, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012). In light of removal, the action may be construed as one brought under the federal Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201, 2202. *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) ("When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal [DJA]."). The DJA provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

---

[5]Defendants also seek summary judgment as to Plaintiff's TDCPA claim on the basis that it is barred by the independent injury rule. (doc. 51 at 17.) Because the TDCPA claim is otherwise subject to dismissal, it is unnecessary to reach this argument.

The federal Declaratory Judgment Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

The Court found that Plaintiff's requested declaration that Defendants "breached the deed of trust" is based on her breach of contract claim, and her requested declaration that Defendants have "unclean hands" is based, in part, on her wrongful foreclosure allegations. (*See* doc. 43 at 39.) Because Plaintiff's breach of contract claim is subject to dismissal, Defendants are entitled to summary judgment on Plaintiff's requested declaration that Defendants breached the deed of trust. *Thompson v. Bank of America, N.A.*, 13 F.Supp.3d 636, 660 (N.D. Tex. 2014)(denying request for declaratory judgment based on causes of actions that did not withstand summary judgment); *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d 731, 752 (E.D. Tex. 2013). Because Plaintiff's wrongful foreclosure claim remains pending, summary judgment on Plaintiff's requested declaration that Defendants have "unclean hands" should be denied, and the claim for the requested declaration should be allowed to proceed. *See Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164, 2014 WL 3545761, at *12 (N.D.Tex. July 17, 2014).

### IV. RECOMMENDATION

Defendants' motion for summary judgment should be **GRANTED in part and DENIED in part.** Summary judgment should be **GRANTED** in favor of Defendants on Plaintiff's breach of contract claim and her TDCPA claims under §§ 392.301(a)(8), 392.101, and § 392.303(a)(2). It

should also be **GRANTED** as to her request for a declaration that Defendants breached the deed of trust. Because the wrongful foreclosure claim remains pending, summary judgment should be **DENIED** as to her request for a declaration that Defendants have "unclean hands".

**SO RECOMMENDED** on this 3rd day of February 2015.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE