**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEAN LOMBARDI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1464-O |
| | § | |
| **BANK OF AMERICA et al.,** | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court **ACCEPTS** the Findings and Conclusions of the Magistrate Judge.

**I.   BACKGROUND**

The instant action arises out of an alleged wrongful foreclosure.[1] Plaintiff filed suit on March 4, 2013, against Defendants Bank of America, N.A. ("BA") and Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12 ("BNY"). Notice Removal ¶ 1, ECF No. 1. She later amended her Complaint on May 11, 2013. *See generally* Am. Compl., ECF No. 9. On March 5, 2013, BA and BNY entered into a contract to sell the Property to EMI & Wick, LLC ("EMI"). Intervenor's App. Supp. Mot. Summ. J. 45, ECF No. 34-1. BNY issued a special warranty deed to EMI on May 3,

---

[1] The Court assumes the parties' familiarity with the underlying facts to this suit. There are no objections to the Magistrate Judge's discussion of the facts. As a result, the Court adopts the factual recitation from the Magistrate Judge's findings.

2013, and the deed was recorded on May 8, 2013. *Id*. at 38-40, 46, ECF No. 34-1. On September 10, 2013, EMI filed an unopposed motion to intervene in this lawsuit. Intervenor's Unopposed Mot. Intervene, ECF No. 28. On May 5, 2013, all case dispositive motions in this suit were referred to the Magistrate Judge for recommendation according to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) (ECF No. 14). Defendants filed the instant Motion for Summary Judgment (ECF No. 50) on June 20, 2014.

The Magistrate Judge issued her Findings, Conclusions, and Recommendation on February 3, 2015 (ECF No. 111) ("the Findings"). Specifically, she recommended that Defendants' Motion for Summary Judgment be granted in part and denied in part. Plaintiff, Defendants, and EMI each filed objections.

## II.   LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56 (c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility

determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### III. ANALYSIS

#### A. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's Findings on two grounds: (1) Plaintiff's claims for breach of contract and violation of the Texas Debt Collection Practices Act ("TDCA") were improperly dismissed, and (2) Plaintiff's claim under the Texas Property Code was improperly converted to a claim for wrongful foreclosure and wrongfully dismissed. Pl.'s Objections 1-2, ECF No. 118. In response, Defendants BA and BNY both contend that Plaintiff's claim was improperly converted to a claim for wrongful foreclosure. BA & BNY's Resp. 2-3, ECF No. 118. Further, they maintain that Plaintiff's argument regarding her TDCA claim "impermissibly shifts the burden of proof to [BA and BNY]"; thus, Plaintiff's claim fails. *Id.* at 4.

##### 1. Texas Finance Code

The Court first finds that Plaintiff's objections regarding her claim under Section 392.101 are without merit. Section 392.101 of the Texas Finance Code provides that "[a] third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in this state." Tex. Fin. Code § 392.101(a). A third-party debt collector does not include, however, a mortgage-servicing company or similar individuals if the debt was not in default at the time it was assigned. *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 624 (N.D. Tex. 2011) (Means, J.).

In her response brief to Defendants' Motion for Summary Judgment, Plaintiff failed to point to any evidence to support her bare assertion that "[a]ccording to [statutory] definitions, and Texas state and federal authorities interpreting these statutes, [BNY] falls squarely within the definition of debt collector." Pl.'s Br. Supp. Resp. Defs.' Mot. Summ. J. 9, ECF No. 59.  In her current briefing, Plaintiff maintains that she "did provide sufficient evidence that at the time the loan was transferred by [BNY] in May 2012, the loan was in default" because "Defendants stated in the Motion for Summary Judgment that MERS assigned the loan to [BNY], and attached the assignment, which was dated May 4, 2012 . . . [b]oth parties conceded that the loan was in default in May 2012." Pl.'s Objections 5, ECF No. 115.  However, Plaintiff fails to set forth any evidence supporting the specific date on which the loan was in default and additionally fails to point to evidence establishing that BNY did not obtain an interest in the loan prior to her default.  *See Adams v. Bank of America*, No. 4:10-cv-709, 2011 WL 5080217, at *7 (E.D. Tex. Oct. 26, 2011), *aff'd*, 475 F. App'x 526 (5th Cir. 2012) ("If a debt is in default at the time the assignee acquires his interest in the debt, he is a 'third-party debt collector' within the contemplation of . . . section 392.101(a) of the [TDCA]."). As a result, this objection is **OVERRULED**.

      2.    <u>Wrongful Foreclosure</u>

The Court additionally finds no merit in Plaintiff's objections regarding the wrongful foreclosure claim.  In her Findings, the Magistrate Judge concluded the following:

> Defendants also move for summary judgment on Plaintiff's breach of contract claim based on her allegations that they violated section 51.002(d) of the Texas Property Code by failing to provide notice of default.  Because the Texas Property Code is not a contract, Plaintiff's allegations regarding Defendants' alleged failure to provide notice under the Texas Property Code are properly construed as asserting a wrongful foreclosure claim rather than a breach of contract claim. (*See* doc. 43 at 33 ("Plaintiff's contentions that 'Defendants failed to send' her the requisite notices

4

> under §§ 51.002(b), (d) of the Texas Property Code (doc. 9 at 8-9) assert a wrongful foreclosure claim.").) The portion of Defendants' motion for summary judgment that relates to these allegations only seeks dismissal of the breach of contract claim, not the wrongful foreclosure claim, so these allegations need not be addressed.

FCR 8 n.4, ECF No. 111. In the Magistrate Judge's previous Findings regarding Defendants' Motion to Dismiss, Plaintiff's claim regarding Section 51.002 was construed as a wrongful foreclosure claim. FCR 33-35, ECF No. 43. No objection was filed regarding this claim, and the District Court accepted the Findings. *See* Order, Mar. 13, 2014, ECF No. 45. Plaintiff and Defendants now complain that the conversion of the claim under Section 51.002 to a claim for wrongful foreclosure was improper. However, the Court finds support for the conversion of the claim. *See, e.g.*, *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7 (S.D. Tex. June 6, 2012) (construing plaintiff's claim under Section 51.002(d) as one for wrongful foreclosure). Accordingly, in light of the parties' failure to timely object to the wrongful foreclosure claim, Plaintiff's objection is **OVERRULED**. The Court accepts the Magistrate Judge's findings and recommendation and adopts them as those of the Court.

   3. Texas Property Code

Nevertheless, Plaintiff's instant objections clarify that she did intend to allege a claim for the violation of Sections 51.002(b) and (d) of the Texas Property Code. The Court accepts this clarification and concludes, in the interest of justice, that Plaintiff should be granted leave to proceed on her original claims under the Texas Property Code. As the Court has previously dismissed Plaintiff's claim under Texas Property Code § 51.002(b) on the merits,[2] only the claim for violation of Section

---

[2] The Court found that Plaintiff failed to raise a reasonable inference that Defendants did not send her a notice of foreclosure, as they were required to do under Texas Property Code § 51.002(b). Order, Mar. 13, 2014, ECF No. 45. Only a wrongful foreclosure claim based on the alleged failure to provide notice under Texas Property Code § 51.002(d) was allowed to proceed. *Id.* at 35.

51.002(d) remains pending. Her request for a declaration that Defendants have "unclean hands" is based, in part, on the allegations regarding the violation of Section 51.002(d), so it therefore also remains pending. Defendants are **GRANTED** leave to file a second motion for summary judgment regarding Plaintiff's remaining claim for violation of Section 51.002(d) of the Texas Property Code and her request for declaration that Defendants have "unclean hands." *See* L.R. 56.2(b); *Hill v. Cleco Corp.*, 541 F. App'x 343, 345 n.1 (5th Cir. 2013) (holding allowance of a second summary judgment motion not an abuse of discretion because "[t]he district court has broad discretion in controlling its own docket").

  B.  **Defendants BA and BNY's Objections**

Defendants BA and BNY object to the Magistrate Judge's Findings that "(1) Defendants failed to timely address Plaintiff's 'wrongful foreclosure' claim; (2) the 'wrongful foreclosure' claim remained pending; and (3) Plaintiff's requested declaration that Defendants have 'unclean hands' should be allowed to proceed because the 'wrongful foreclosure' claim remained pending." BA & BNY's Objections 4, ECF No. 114. In response, Plaintiff "objects to construing her claim for a violation of the Texas Property Code as a wrongful foreclosure claim." Pl.'s Resp. 3, ECF No. 117. Plaintiff further contends that "because a claim remains pending regarding Defendants' failure to send proper notice under the Texas Property Code, this Court should overrule Defendants' objection regarding Plaintiff's requested declaration that Defendants have 'unclean hands' based on failure to give Plaintiff proper notice under the Texas Property Code." *Id*. at 5. The Court **OVERRULES** Defendants' objections to the Court's construing the claim as one for wrongful foreclosure for the reasons discussed above. *See* Part III.A; *Hill*, 2012 WL 2065377, at *7. Additionally, the Court finds that Defendants failed to seek leave to file their supplement to their Motion for Summary

Judgment, which violated the Local Rules and prevented the supplement from being reviewed by the Court. *See* L.R. 56.2(b) ("Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment."); *see also* L.R. 56.7 ("Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."). Accordingly, this objection is **OVERRULED**.

### C. Intervenor EMI's Objections

Intervenor EMI objects to the Magistrate Judge's Finding that "'wrongful foreclosure' is a valid claim filed by the Plaintiff in this case." EMI's Objections 2, ECF No. 113. EMI maintains that Plaintiff failed to allege the second and third elements of a wrongful foreclosure claim; thus, the claim is not before the Court. *Id*. at 6. Further, EMI contends that Defendants BA and BNY did provide notice of the substitute trustee's sale as required by the Texas Property Code. *Id*. In response, Plaintiff reasserts her objection that she did not assert a claim for wrongful foreclosure. Pl.'s Reply 3, ECF No. 116. The Court **OVERRULES** Intervenor's objections to the Court's construing the claim as one for wrongful foreclosure for the reasons discussed above. *See* Part III.A; *Hill*, No. v-12-11, 2012 WL 2065377, at *7.

### IV.   CONCLUSION

Based on the foregoing, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Defendants' Motion for Summary Judgment (ECF No. 50) is **GRANTED in part** and **DENIED in part**. Summary judgment is **GRANTED** on Plaintiff's claims for breach of contract and for violations of §§ 392.301(a)(8), 392.101, and § 392.303(a)(2) of the Texas Debt Collection Practices Act. Summary judgment is also

**GRANTED** as to her request for a declaration that Defendants breached the deed of trust. At this time, summary judgment is **DENIED** as to Plaintiff's request for a declaration that Defendants have "unclean hands." Defendants are **GRANTED** leave to file a second motion for summary judgment regarding Plaintiff's Section 51.002(d) claim and Plaintiff's requested declaration that Defendants have "unclean hands" no later than **April 8, 2015**.

**SO ORDERED** this **18th day** of **March, 2015**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**