### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JEAN LOMBARDI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:13-CV-1464-O** |
| | § | |
| **BANK OF AMERICA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference dated May 14, 2013, this case was referred for pretrial management. Before the Court is *Intervenor's Motion for Partial Summary Judgment*, filed October 9, 2014 (doc. 82). Based on the relevant filings and applicable law, the motion for partial summary judgment should be **DENIED as moot**.

### I.

On March 4, 2013, Jean Lombardi (Plaintiff) sued Bank of America, N.A. (BOA) and the Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12 (BONY) (collectively, Defendants) in state court for claims arising out of the foreclosure of her home located at 16106 Chalfont Circle, Dallas, Texas 75248 (the Property). (doc. 1-3 at 2.)[1] Defendants removed the action to federal court on the basis of diversity jurisdiction on April 15, 2013. (doc. 1 at 2-3.) On May 11, 2013, Plaintiff filed her first amended complaint, which asserted claims for violations of the Real Estate Settlement Practices Act (RESPA), the Texas Property Code (wrongful foreclosure), the Texas Debt Collection

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Practices Act (TDCPA), and the Deceptive Trade Practices Act (DTPA), as well as for breach of contract, unjust enrichment, negligence, negligent misrepresentation, common law fraud, suit to quiet title, and trespass to try title.  (doc. 9 at 6–10, 13–21.)  Plaintiff sought damages, attorney's fees, court costs, an accounting, and declaratory judgment.  (*Id.* at 21–23.)

### A.

On May 24, 2013, Defendants moved to dismiss for failure to state a claim all of the claims asserted against them by Plaintiff in her first amended complaint.  (doc. 17.)

While that motion was pending, EMI & WICK LLC (Intervenor) sought and was granted leave to intervene on September 10, 2015, on grounds that it had purchased and acquired the Property from BONY on May 3, 2013.  (docs. 28 at 2; 29.)  Intervenor filed its answer and a counterclaim for trespass to try title against Plaintiff on September 13, 2013.  (doc. 30.)  On September 30, 2013, Intervenor filed its first motion for summary judgment on Plaintiff's "RESPA, Standing, Violations of the Texas Property Code, Breach of Contract and Anticipatory Breach of Contract, Equitable Relief, Declaratory Judgment, Suit to Quiet Title, and Trespass to Try Title" claims that "seek to rescind the foreclosure sale and establish title in her name"; on its trespass-to-try title counterclaim; and on its request to expunge the notice of *lis pendens*.  (docs. 32, 33.)

On March 13, 2014, the Court accepted the February 19, 2014 recommendation that Defendants' May 24, 2013 motion to dismiss be granted in part, and it dismissed Plaintiff's claims for negligence, negligent misrepresentation, common law fraud, suit to quiet title, trespass to try title, unjust enrichment, violations of the DTPA, RESPA, and §§ 392.304(a)(8) and (19) of the TDCPA with prejudice.  (docs. 43, 45.)  It also dismissed her requests for declaratory judgment regarding Defendants' lack of authority to foreclose on the Property and Defendants' breach of a

consent judgment as well as her request for an accounting with prejudice.  (docs. 43, 45.)  Plaintiff's

wrongful foreclosure[2] and breach of contract claims based on Defendants' purported failure to send

her a notice of default, opportunity to cure, and intent to accelerate as required by the deed of trust

and the Texas Property Code[3], and her TDCPA claims under §§ 392.301(a)(8) and § 392.303(a)(2)

for failure to pay the requisite bond and for charging unauthorized fees, remained for trial.  (docs.

43 at 41; 45.)  Also remaining were her requests for declarations that Defendants "breached the deed

of trust" and that they have "unclean hands".  (*See* doc. 43 at 39.)

Because the majority of Plaintiff's claims had already been dismissed on March 13, 2014,

the Court denied Intervenor's motion for summary judgment as to those claims on September 26,

2014.  (docs. 72, 81.)  As noted, Intervenor had moved to dismiss Plaintiff's claims that "seek to

rescind the foreclosure sale and establish title in her name."  (doc. 33 at 8.)  Of the remaining claims,

the only one for which the equitable remedy of rescission was available was Plaintiff's wrongful

foreclosure claim.  (*See* doc. 72 at 6.)  Although Intervenor had addressed her claims under the

Texas Property Code, it did not specifically move to dismiss the wrongful foreclosure claim for

failure to provide notice under § 51.002(d) of the Texas Property Code.  (*See* docs. 32-33.)  Because

Intervenor's motion had been filed before the ruling on Defendants' motion to dismiss, the Court

denied it without prejudice to filing a second summary judgment motion that specifically addressed

Plaintiff's remaining claims.  (doc. 72 at 7; doc. 81.)  The Court also granted Intervenor's summary

---

[2]In the recommendation, Plaintiff's allegations in the amended complaint that Defendants failed to send her the requisite notices under Sections 51.002(b), (d) of the Texas Property Code were construed as asserting a claim for wrongful foreclosure.  (*See* docs. 43 at 33-34, 45.)  Because Defendants did not address the wrongful foreclosure claim in their motion, the claim remained pending for trial.

[3]The Court found that Plaintiff did not allege a plausible claim that Defendants failed to send her the required notice under Texas Property Code § 51.002(b), but that she alleged a plausible claim under § 51.002(d). (doc. 43 at 14-15, doc. 45.)

judgment motion as to its trespass-to-try title counterclaim but denied its motion to expunge the notice of *lis pendens* filed by Plaintiff.  (docs. 72, 81.)

**B.**

On June 20, 2014, Defendants moved for summary judgment as to Plaintiff's remaining claims for breach of contract, anticipatory breach of contract, quiet title, and violation of RESPA, the TDCPA, and the DTPA, as well as her request for declaratory judgment.  (doc. 50 at 12-22.)

On October 10, 2014, Intervenor filed a second partial motion for summary judgment as to Plaintiff's remaining claims for wrongful foreclosure, breach of contract, and violation of the TDCPA.  (doc. 83.)

On February 2, 2015, it was recommended that Defendants' June 20, 2014 motion for summary judgment be granted as to Plaintiff's breach of contract and remaining TDCPA claims.[4] (doc. 111.) Because Defendants did not address Plaintiff's wrongful foreclosure claim, it was recommended that the claim remain pending as well as Plaintiff's request for a declaration that Defendants have "unclean hands" that was partly based on her wrongful foreclosure allegations. (*Id.*)  Plaintiffs objected to the finding that the wrongful foreclosure claim remain pending, contending that her claim under the Texas Property Code had been improperly converted to a claim for wrongful foreclosure.  (doc. 115 at 3-5.)  In response, Defendants also contended that Plaintiff's claim was improperly converted to a claim for wrongful foreclosure.  ( doc. 118 at 1-3.)

On March 18, 2015, the Court accepted the recommendation that Plaintiff's breach of contract claim and remaining TDCPA claims be dismissed.  (doc. 120 at 7.)  Because the parties were objecting to a finding originally made in the February 19, 2014 recommendation that was

---

[4]Because Plaintiff's claims for anticipatory breach of contract, quiet title, and violation of RESPA and the DTPA have already been dismissed with prejudice, (*see* doc. 45), the Court did not address them.

accepted on March 13, 2014, not the February 2, 2015 recommendation, the Court overruled the

objection as untimely.  (*Id*. at 5.)  Given Plaintiff's clarification that she intended to allege a claim

for violation of Sections 51.002(b) and (d) of the Texas Property Code, not for wrongful foreclosure,

however, the Court found that Plaintiff's original claim under Texas Property Code § 51.002(d)

remained pending.[5]  (*Id*.)  It also held that her request for a declaration that Defendants have

"unclean hands" therefore also remained pending.  (*Id*. at 6.)  Defendants were granted leave to file

a second motion for summary judgment addressing these two claims.  (*Id*.)  They filed their motion

on March 26, 2015.  (doc. 123.)

## II.

In its current motion, Intervenor moves for summary judgment as to Plaintiff's claims for

wrongful foreclosure, breach of contract, and violation of the TDCPA.  (doc. 83.)  As discussed, the

Court already granted Defendants' motion for summary judgment and dismissed Plaintiff's claims

for breach of contract and violation of the TDCPA.  (doc. 120 at 7-8.)  Because Plaintiff has clarified

that she did not intend to bring a wrongful foreclosure claim, only her original claim under Texas

Property Code § 51.002(d) and her request for a declaration that Defendants have "unclean hands"

remain pending.  (*Id*. at 5-6.)  Accordingly, Intervenor's partial motion for summary judgment as

to these claims is moot.[6]

---

[5]As noted, her claim for violation of Texas Property Code § 51.002(b) was dismissed on the merits.  (docs. 43, 45.)

[6]In its motion, Intervenor states that a court can expunge a notice of *lis pendens* if it determines that the pleading on which the notice is based does not contain a real property claim or that the claimant fails to establish the probable validity of the real property claim by a preponderance of the evidence.  (doc. 82.)  Intervenor does not address expungement of the *lis pendens* in its brief in support of the motion, and its prior motion for expungement of the lis pendens was denied, so the statement is not construed as a motion on this ground.  (*See* docs. 72, 81.)

## III.

Intervenor's partial motion for summary judgment as to Plaintiffs' remaining claims for wrongful foreclosure, breach of contract, and violation of the TDCPA should be **DENIED as moot**. Like Defendants, it should be given a final opportunity to address Plaintiff's original claim under Texas Property Code § 51.002(d) and request for a declaration that Defendants have "unclean hands" by either joining Defendants' pending motion or filing its own no later than twenty-one days after the acceptance of this recommendation.

**SO RECOMMENDED** on this 30th day of April 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE