**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEAN LOMBARDI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-1464-O |
| | § | |
| **BANK OF AMERICA et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued Findings, Conclusions and Recommendation ("FCR") (ECF No. 142) in this case. The Magistrate Judge recommended that Defendants' Second Motion for Summary Judgment should be granted and Plaintiff's remaining claim and requested declaration should be dismissed with prejudice. FCR, ECF No. 142. Plaintiff filed objections. *See* Pl.'s Obj. FCR, ECF No. 146. Defendants filed a response. Resp., ECF No. 151. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the Report and Recommendation in this case is hereby **ACCEPTED**.

**I.     BACKGROUND & LEGAL STANDARD**

Defendants filed their Second Motion for Summary Judgment as to Lombardi's claim for an alleged violation of § 51.002(d) and her request for a declaratory judgment on a theory of "unclean hands." Defs.' 2d Mot. Summ. J., ECF No. 123. The Magistrate Judge issued an FCR recommending that Defendants' Second Motion for Summary judgment be granted. The Court

reviews de novo the portions of the FCR to which Lombardi has objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Lombardi has not objected to the Magistrate's factual and procedural recitation and the Court adopts it here. FCR 2–5, ECF No. 142. Lombardi objects to the FCR on the following grounds: (1) that Plaintiff's Tex. Prop. Code § 51.002(d) ("§ 51.002(d)") argument is not a new claim or theory of liability; and (2) second, that § 51.002(d) is rendered illusory if an exact amount needed to cure a default is not provided. Pl.'s Obj. FCR 2–5, ECF No. 146.

## II. ANALYSIS

### A. Section 51.002(d)'s Requirements

The Magistrate Judge found that § 51.002(d) contains no requirement that a notice provided under that section state the amount of money needed to cure the default. *See* Tex. Prop. Code § 51.002(d); *Rhodes v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2347, 2012 WL 5363424, at *19 (N.D. Tex. Oct. 31, 2012) (Lindsay, J.) (finding § 51.002(d) contains no requirement that a notice of default state the amount of money needed to cure the default). Lombardi objects that § 51.002(d) is rendered illusory if an exact amount needed to cure a default is not provided. Pl.'s Obj. FCR 5, ECF No. 146. Lombardi argues that the purpose of § 51.002(d) is to "protect the debtor," citing Texas Supreme Court authority. *See Jasper Fed. Sav. & Loan Ass'n v. Rehhell*, 730 S.W.2d 672, 674–75 (Tex. 1987).

Defendants offer several cases rejecting this argument. *See, e.g., Rhodes*, 2012 WL 5363424, *19 ("Section 51.002 contains no such requirement and Plaintiffs have not pointed the court to any authority that Texas courts have construed section 51.002 to include such a requirement."); *Rabe v. Wells Fargo Bank, N.A.*, No. 4:11-cv-787, 2013 WL 5458068, at *7 (E.D. Tex. Sept. 30, 2013)

(holding that summary judgment was appropriate because "[t]here is no applicable statute or regulation that requires a notice of acceleration to state the amount necessary to cure the default."); *Buchanan v. Compass Bank*, No. 02-14-34-cv, 2015 WL 222143, at *3 (Tex. App.—Fort Worth Jan. 15, 2015, pet. denied) (affirming summary judgment against borrower and noting there is "no language in the statute that requires notices to include the exact amount owed.").

Section 15.002(d) reads:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). The entire calendar day on which the notice required by this subsection is given, regardless of the time of day at which the notice is given, is included in computing the 20-day notice period required by this subsection, and the entire calendar day on which notice of sale is given under Subsection (b) is excluded in computing the 20-day notice period.

Tex. Prop. Code § 51.002(d). By the plain language of the statute, a lender is not required to provide the debtor with an exact amount owed; the lender is required to give "written notice by certified mail stating that the debtor is in default." This Court agrees with the cited authorities that § 51.002(d) contains no requirement that a lender's notice state the exact amount owed. Therefore, the Magistrate Judge properly found that Plaintiff failed to meet her burden to show a genuine issue of material fact as to her claim for violation of § 51.002(d) and this objection is **OVERRULED**.

B.   **New Theory of Liability**

In the FCR, the Magistrate Judge accepted Defendants' argument that Plaintiff's allegation regarding BOA's failure to provide the specific amount to cure her default is a new allegation raised for the first time in her response. FCR 10, ECF No. 142. Lombardi objects to this finding based on

Plaintiff's First Amended Complaint, which states that "Plaintiff never received a Notice of Default and Right to Cure as required by Tex. Prop. Code § 51.002(d)." Pl.'s Obj. FCR 3, ECF No. 146. Plaintiff additionally argues that Defendants had actual notice of Plaintiff's contentions. *Id.* at 4–5. However, although the Magistrate Judge found that the Court was not required to consider this newly alleged theory of liability, the Court did consider the claim on its merits. *See* FCR 10–11. Because this Court agrees with the Magistrate Judge on the merits of Lombardi's § 51.002(d) claim, this objection is **OVERRULED as moot**.

### III. CONCLUSION

Based on the foregoing analysis, the Court finds that the Magistrate Judge's FCR in this case should be and is hereby **ACCEPTED**, Defendants' Second Motion for Summary Judgment (ECF No. 123) is **GRANTED**, and the Plaintiff's remaining claim for violation of § 51.002(d) and her requested declaration that Defendants have "unclean hands" are **DISMISSED with prejudice**.

**SO ORDERED** on this **23rd day** of **November, 2015**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE