**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JEAN LOMBARDI, | § |
| Plaintiff, | § |
| v. | § |
| BANK OF AMERICA, et al., | § Civil Action No. 3:13-CV-1464-O |
| Defendants, | § |
| EMI & WICK, LLC, | § |
| Intervenor. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference* dated May 14, 2013, this case was referred for pretrial management. Before the Court is *Intervenor's Third Motion for Summary Judgment*, filed November 16, 2015. Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On March 4, 2013, Jean Lombardi (Plaintiff) sued Bank of America, N.A. (BOA) and the Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12 (BONY) (collectively Defendants) in state court based on the foreclosure of her home, located at 16106 Chalfont Circle, Dallas, Texas 75248 (the Property). (Doc. 1-3 at 2.)[1] On April 15, 2013, Defendants removed the action to federal court

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

pursuant to 29 U.S.C. § 1332 on the basis of diversity jurisdiction. (Doc. 1 at 2-3.)

On March 25, 2013, after this suit had been filed, Defendants entered into a contract to sell the Property to EMI & WICK, LLC (Intervenor). (Doc. 34-1 at 45.) On May 3, 2013, BONY issued a special warranty deed and transferred the title to Intervenor. (*Id*. at 46.) The deed was recorded on May 8, 2013. (*Id*. at 38-40, 46.) On September 10, 2013, Intervenor filed an unopposed motion to intervene in this lawsuit. (Doc. 28.) The motion was granted, and it filed its answer and a counterclaim against Plaintiff on September 13, 2013. (Doc. 30.) On September 26, 2014, the Court granted Intervenor summary judgment on its trespass-to-try-title counterclaim. (Docs. 72; 81.) All of Plaintiff's claims against Defendants have been dismissed. (Docs.111; 120; 142; 152.)

On November 16, 2015, Intervenor filed, with leave, its third motion for summary judgment as to the amount of damages owed on its trespass-to-try-title claim. (Doc. 147). The motion is now ripe for recommendation. (Docs. 154; 157.)

## II. EVIDENTIARY OBJECTIONS

Plaintiff and Intervenor object to each other's summary judgment evidence regarding the fair market rental value of the Property. (Docs. 155 at 5-9; 157 at 3.)

**A.** **Wick's Expert Testimony**

Plaintiff objects to the declaration of Michael Wick (Wick), Intervenor's manager and expert on the Property's rental rates, because it is "based on speculation and conjecture" and does not consider problems that are specific to the Property, such as broken appliances, plumbing leaks, and foundation problems. (Doc. 155 at 8.)

Under Fifth Circuit law, opinion testimony on property value "cannot be based on naked conjecture or solely speculative factors." *King v. Ames*, 179 F.3d 370, 376 (5th Cir. 1999);

2

*Kestenbaum v. Falstaff Brewing Corp.*, 514 F.2d 690, 698-99 (5th Cir. 1975). "An award may not be based . . . solely upon speculation or guesswork." *Kestenbaum*, 514 F.2d at 698. Here, Wick determines the rental value of the Property to be $2,500.00 per month by basing his valuation on six similar properties. (Doc. 148 at 10-12.) In his declaration, he analyzes the rental value of six neighboring homes, two of which are on the same street as the Property, by comparing the square footage, number of rooms, and rental/lease rates. (Doc 148-7 at 1-4.) He did not personally visit the Property but did review several pictures of it taken by his real estate agent on September 26, 2014, during his valuation. (Doc. 157 at 4.) He also does not discuss any problems with the Property or any issue that may lower its rental value from the other properties in the area, but he does allege that he "examined the deposition testimony of [Plaintiff]," which included testimony about the structural flaws and other problems with the Property and used that information to determine the rental value. (Doc. 148 at 11.)

Intervenor has met its burden to show that Wick's testimony was based on more than naked conjecture. *See Dietz v. Consol. Oil & Gas, Inc.*, 643 F.2d 1088, 1094 (5th Cir. 1981) (holding that the "weight of such testimony is, of course, affected by the owner's knowledge of circumstances which affect value, and as an interested witness, it is for the [fact finder] to evaluate the credibility of his testimony."). Plaintiff's objection is **OVERRULED**. *King*, 179 F.3d at 376.

**B.      Plaintiff's Deposition Testimony**

Plaintiff objects to her deposition testimony being used as summary judgment evidence under the Property Owner Rule. (Doc. 155 at 5.) Because Wick's testimony is admissible, consideration of Plaintiff's deposition testimony would not affect the disposition of the pending motion for summary judgment. Plaintiff's objection is **OVERRULED as moot**. *See Continental Casualty*

*Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 984690, at *1 n. 6 (N.D.Tex. Apr. 14, 2006 (Fitzwater, J.) (overruling as moot objections to evidence that was not considered by the court in deciding motion for summary judgment).

C.  **Plaintiff's Department of Housing and Urban Development Evidence**

Intervenor objects to Plaintiff's use of the Department of Housing and Urban Development (HUD) rental values because they "were not disclosed as a basis for opinion testimony from Plaintiff," even though she listed herself as having knowledge of the Property's fair market value under Federal Rule of Evidence 701. (Doc. 157 at 3.)

Plaintiff is not using the HUD values as the basis for her opinion testimony, only as evidence that attempts to show a genuine issue of material fact regarding the rental values of the Property. (Doc. 155 at 9-10.) Intervenor's objection is **OVERRULED**.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery materials, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

4

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the non-movant, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### IV. ANALYSIS

Intervenor moves for summary judgment as to the amount of rental damages to which it is entitled as a result of Plaintiff's trespass on the Property since May 2013. (Doc. 147 at 1-2.)

**A.**   **Jurisdiction**

Plaintiff argues that summary judgment on rental damages is improper because jurisdiction belongs in the Justice Court, Precinct 3 of Dallas County, where a forcible detainer action is pending between Plaintiff and Intervenor.[2] (Doc. 155 at 4.)

---

[2] Parties disagree whether this forcible detainer action is still abated. Intervenor alleges that the action in justice court has been abated until the current proceedings conclude and provides an order on abatement that was signed on May 29, 2013. (Doc. 158 at 3.) Plaintiff provides a notice of jury trial setting in the justice court signed on November 11, 2015, but does not provide any order ending the abatement. (Doc. 156-4 at 1.) There is insufficient

5

Under the Texas Rules of Civil Procedure, a party may include a "claim for rent within the justice court's jurisdiction" in a forcible detainer action for eviction. Tex. R. Civ. P. 510.3(d). The justice court's jurisdiction, however, extends only to amounts in controversy that are "not more than $10,000, exclusive of interest." Tex. Gov't Code § 27.031(a). A forcible detainer action is proper for disputes over possession of property, but the Texas Supreme Court has held that "the remedies against a holdover tenant include a forcible detainer action for possession *and* an action for recovery of damages, including trespass damages." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (emphasis added). Texas law is very clear that an "eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits" such as the Intervenor's current claim. Tex. Prop. Code § 24.008. Intervenor's claim for rental damages is properly brought here.[3]

**B.    Damages for Trespass to Try Title**

Intervenor seeks summary judgment on the amount of damages owed on its successful trespass-to-try-title claim. (Docs. 72 & 81.)

The Texas Supreme Court has held that "the measure of damages in a trespass case is the sum necessary to make the victim whole, no more, no less." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 921 (Tex. 2013) (citing *Meridien Hotels, Inc. v. LHO Financing P'ship I, L.P.*, 255 S.W.3d 807, 821 (Tex. App.– Dallas 2008, no pet.)). When the trespass causes a temporary injury, the "amount necessary to place the plaintiff in the position it would have been

---

and conflicting evidence to determine the status of the pending forcible detainer action.

[3]Notably, Intervenor seeks over $70,000.00 as rental value damages under a trespass-to-try-title claim. (Doc. 148 at 13.) This amount of damages far exceeds the justice court's jurisdiction of $10,000.00, exclusive of interest. *See Oldner v. Medlock,* No. 05-10-00848-CV, 2012 WL 114192, at *1 (Tex. App.–Dallas Jan. 12, 2012, no pet.) (holding that any judgment of the justice courts, even on appeal in the county court, is restricted to the $10,000.00 jurisdictional limit).

6

in but for the trespass" generally includes the cost to repair any damage to the property, loss of use of the property, and loss of any expected profits from the use of the property. *Id.* (internal citations omitted).

To meet its summary judgment burden, Intervenor presents Wick's declaration stating that $2,500.00 per month is the proper and appropriate rental value of the Property during the relevant time period. (*Id.* Doc 148 at 8-14.) Because it has met its burden to bring forward evidence of its damages, the burden shifts to Plaintiff to identify evidence in the record raising a genuine issue of material fact.

Plaintiff submits controverting evidence from HUD of the market rental values. (Doc. 155 at 9-10.) HUD is a federal government organization that provides an impartial documentation system for determining fair market rental values at most zip codes throughout the country. *See H.U.D. Fair Market Rents*, http://www.huduser.gov/portal/datasets/fmr.html. According to Plaintiff's evidence, HUD's rental values for the Property range from $1,290.00 a month in 2013 to $1,350.00 a month in 2015. *Id.* The total HUD valuation is $42,480.00, which is $27,520.00 less than Wick's valuation of $70,000.00 during the same period.

Plaintiff has met her burden to identify competent summary judgment evidence sufficient for a reasonable jury to conclude that the rental value of the Property is less than Wick's valuation. *See Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citation omitted). Because she has identified a genuine issue of material fact regarding the rental value of the Property, Intervenor's motion should be denied.[4]

C. **Stipulation of Rental Value**

---

[4] The parties' evidence does not address the fair market rental value of the Property for 2016, so that factual issue remains outstanding regardless of the outcome of Intervenor's motion.

Intervenor alleges in its reply that "[i]f the sum of $2,500 is not considered to be established as the fair market rental rate, then for purposes of this summary judgment motion [Intervenor will] stipulate to accept the rental values that Plaintiff offered by the HUD rental rates . . ." (Doc. 158 at 38.) Intervenor characterizes Plaintiff's use of the HUD rental values as an "offer" to stipulate to damages that it is now attempting to accept via its reply brief. *Id*.

Intervenor provides no support for its contention that Plaintiff intended the HUD rental information to be a settlement offer rather than "evidence [that] creates a genuine issue of material fact regarding the fair market rental value of the Property." (Doc. 155 at 9.)  Nor does it provide any support for a finding that she intended it to be a stipulation of damages.  Plaintiff does not appear to offer the HUD rental values as an endorsement that they are the correct rental values, only as proof of the existence of a material fact issue with Wick's valuation.  Significantly, Intervenor has not stipulated to the correctness of the HUD rental information; it has only *offered to stipulate*. Accordingly, there is no evident stipulation or admission of facts by *either* party that would compel summary judgment.  *See Kitchell v. Aspen Expl., Inc.*, No. 4:06-CV-273, 2008 WL 416238, at *2 (E.D. Tex. Feb. 13, 2008) (denying a counter-motion for summary judgment when the plaintiff did not provide a formal stipulation of facts but only alleged that "defendants have effectively adopted and stipulated to the facts contained in the Original Complaint" because the court was "unable to discern any admission of facts that would compel summary judgment").

In conclusion, a material fact issue regarding the fair market rental value of the Property exists, and summary judgment should not be granted.

## V.  RECOMMENDATION

Intervenor's third motion for summary judgment should be **DENIED**.

**SO RECOMMENDED** on this 12th day of July, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE