IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN LOMBARDI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-cv-1464-O |
| BANK OF AMERICA et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Intervenor's Third Motion for Summary Judgment (ECF No. 147), filed November 16, 2015; Plaintiff's Response (ECF No. 153), filed December 7, 2015; and Intervenor's Reply (ECF No. 157), filed December 14, 2015. Intervenor's Third Motion for Summary Judgment was referred to the Magistrate Judge on July 12, 2016, the Magistrate Judge filed her Findings, Conclusions, and Recommendation ("FCR") (ECF No. 174), recommending summary judgment be denied. Intervenor filed an Objection to the FCR (ECF No. 176), and Plaintiff filed a Response (ECF No. 181). The FCR and the associated briefing are also before the Court.

At a pre-trial hearing held August 10, 2016 (ECF No. 182), the parties agreed that the jury trial should be cancelled and that additional legal issues be further briefed. Min. Entry, ECF No. 182. Accordingly, Plaintiff filed her brief on September 8, 2016 (ECF No. 184); Intervenor responded (ECF No. 185); and Plaintiff replied (ECF No. 187). This briefing is also before the Court.

For the reasons that follow, the Court finds that Intervenor's Third Motion for Summary Judgment should be and is hereby **GRANTED**, and the Magistrate Judge's Finding, Conclusions, and Recommendations are thereby **moot**.

## I.     BACKGROUND

In March 2013, Plaintiff Jean Lombardi ("Plaintiff") filed suit in state court against the Bank of New York Mellon and Bank of America ("Defendants"), seeking a temporary restraining order against the foreclosure of her home, located at 16106 Chalfont Circle, Dallas, Texas 75248 (the "Property"). App. Notice of Removal, Ex. A-2 ("Original Complaint"), App. 2, ECF No. 1-3. On April 15, 2013, Defendants removed the action to federal court. Notice of Removal, ECF No. 1. On May 3, 2013, after the suit had been filed, Bank of New York Mellon transferred title of the Property to EMI & WICK, LLC ("Intervenor"). Intervenor's App. First Mot. Summ. J., Ex. G ("First Michael Wick Declaration"), App. 45, ECF No. 34-1. Intervenor then filed an unopposed motion to intervene in this lawsuit. ECF No. 28. The motion was granted, and on September 13, 2013, Intervenor filed its answer and a trespass-to-try title counterclaim against Plaintiff. ECF No. 30. On September 26, 2014, the Court granted Intervenor summary judgment on its trespass-to-try-title counterclaims. ECF Nos. 72, 81. All claims against Defendants have been dismissed. ECF Nos. 111, 120, 142, 152.

On November 16, 2015, Intervenor filed its Third Motion for Summary Judgement on the only remaining issue, the damages owed Intervenor for its trespass-to-try-title claim. ECF No. 147. The motion was referred to the Magistrate Judge, who found that Plaintiff had raised an issue of fact as to the fair market rental value of the Property for calculating Intervenor's damages by showing that the "Fair Market Rent," as calculated by the Department of Housing and Urban Development

2

("HUD"), for a similar house in the Property's zip code was lower than the rental value proposed by Intervenor. *Compare* App. Br. Opp'n Third Mot. Summ. J., Ex. B ("HUD Fair Market Rent Data"), App. 6–7, ECF No. 156, *with* App. Intervenor's Resp., Ex. A ("Second Michael Wick Declaration"), App. 2, ECF No. 185-1. Therefore, the Magistrate Judge recommended summary judgment be denied. FCR 8, ECF No. 174.

At a pre-trial hearing following the FCR, Intervenor offered to stipulate to the HUD Fair Market Rent presented into evidence by Plaintiff. Min. Entry, ECF No. 182; *see* Pl.'s Br. Opp'n Third Mot. Summ. J. 9, ECF No. 155. However, Plaintiff declined to stipulate to the values at the hearing, arguing that Plaintiff would provide testimony from Plaintiff's neighbor that the rental value of the Property was actually less than the HUD Fair Market Rent, due to flooding and other problems with the Property. Min. Entry, ECF No. 182. Plaintiff also raised two new issues, arguing that: (1) under Texas Property Code § 22.021 Intervenor was only entitled to four months of rental damages; and (2) Plaintiff was entitled to an offset from Intervenor's settlement with Bank of America in a related, but separate, action. *Id.*

Both parties agreed to cancel the trial setting, and the Court ordered briefing on (1) whether Plaintiff's neighbor was qualified to testify as to the rental value of the property; (2) how many months rental damages Intervenor is entitled to; and (3) what, if any, offset is available. ECF No. 186. In her Trial Brief, Plaintiff then agreed to stipulate to the HUD Fair Market Rent and abandoned any witness testimony. Trial Br. 1–2, 6, ECF No. 184. Briefing was then completed and the remaining issues are now ripe for review. ECF Nos. 185, 186.

**II.    LEGAL STANDARD**

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the defendant is proper if, after adequate time for discovery, the plaintiff fails to establish the existence of an element essential to her case and to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

**III.     ANALYSIS**

Plaintiff makes two arguments for reducing the total damages due Intervenor based on the HUD Fair Market Rent: (1) Intervenor is only entitled to four months rental damages because under Texas Property Code § 22.021 Intervenor's damages for lost rent are limited to the months prior to the date on which the action was filed; and (2) Plaintiff is entitled to have damages offset by Intervenor's settlement with Bank of America and by the appreciation in the market value of the Property during the period of Plaintiff's occupancy. For the reasons laid out below, the Court rejects each of Plaintiff's arguments and holds that the correct calculation of rental damages is the HUD Fair Market Rent from the date title of the Property was transferred to Intervenor in May 2013 through the end of 2015. *See* Second Declaration of Michael Wick, App. 3, ECF No. 185-1.

**A.     The Period of Time for which Intervenor Can Recover Damages**

Texas Property Code § 22.021 provides that a defendant in a trespass-to-try-title action who has made valuable improvements to the property at issue may recover compensation for the value of those improvements, if the value of the improvements exceeds the estimated value of the defendant's use and occupation. Tex. Prop. Code Ann. § 22.021(a). "In estimating values of improvements or of use and occupation . . . use and occupation is valued from the time before the date the action that was filed that the defendant was in possession of the property . . . ." Tex. Prop. Code Ann. § 22.021(b). Under this provision, Plaintiff argues, Intervenor is only entitled to rental damages from the time Intervenor received title of the Property (May 3, 2013) to the time Intervenor filed its trespass-to-try-title counterclaim (September 12, 2013), providing for a total of four months of rental damages. Pl.'s Trial Br. 2, ECF No. 184.

5

Intervenor contends that § 22.021 does not apply as Plaintiff's trespass was a temporary injury under Texas law and "the proper measure of damages is the amount of damages which have accrued during the continuance of the injury covered by the period for which the action is brought." Intervenor's Resp. ¶ 11, ECF No. 185 (citing *Lone Star Gas co. v. Hutton*, 58 S.W.2d 19, 21 (Tex. Comm. App. 1933, no writ)).  The Court agrees.

Section 22.021 of the Texas Property Code sets out the calculation for the value of improvements by a defendant in a trespass-to-try-title action.  Plaintiff—the defendant under the trespass-to-try-title counterclaim—has not pleaded any improvements and therefore there is no need to calculate the value of improvements under § 22.021.

Under Texas law, damages resulting from a trespass-to-try-title claim are calculated differently depending on whether the injury is temporary or permanent.  "As a general rule, when an injury to real property is temporary, the owner is entitled to damages commensurate with the cost of restoring his property, but when an injury to the same property is permanent, the owner is entitled to damages commensurate with the loss in the fair market value to the property as a whole." *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Texas), L.P.*, 449 S.W.3d 474, 476 (Tex. 2014, reh'g denied). A temporary injury to real property is an injury which: (a) can be repaired, fixed, or restored; and (b) any recurrence of which would be occasional irregular, intermittent, and not reasonably predictable.  *Gilbert Wheeler*, 449 S.W.3d at 480.  Plaintiff's possession of the Property was a temporary injury.  Lost rentals can be restored to Intervenor and re-occupation of the Property by Plaintiff is not reasonably predictable.  *Id.*

Texas law has consistently held that lost rentals are an appropriate measure of damages for temporary loss of use of land occasioned by a trespass. *Coinmach Corp.*, 417 S.W.3d at 921–22;

6

*Downwind Aviation, Inc. v. Orange Cty.*, 760 S.W.2d 336, 340 (Tex. App.—Beaumont 1988, writ denied) (holding new owner after a foreclosure sale was entitled to lost rentals where a tenant refused to vacate for ten years); *Standard Container Corp. v. Dragon Realty*, 683 S.W.2d 45, 48 (Tex. App.—Dallas 1984, writ red'd n.r.e.) (reasonable market rental values the proper measure of damages for commercial tenant's holdover); *Williams v. Garnett*, 608 S.W.2d 794, 797–98 (Tex. Civ. App.—Waco 1980, no writ) (lost rental value appropriate remedy where defendant took possession but did not make monthly payments). Accordingly, Intervenor is entitled to rental damages from the time it obtained title to the time Plaintiff vacated the Property.

    **B.**    **Plaintiff Is Not Entitled to an Offset of Damages**

        1.    <u>Intervenor's Settlement with Bank of America</u>

Plaintiff argues that rental damages should be offset by any payment Intervenor received in a settlement Intervenor reached with Bank of America in a related matter. Trial Br. 4–5, ECF No. 184. Plaintiff does not cite the referenced action but the briefing provides that Intervenor brought an action against Bank of America for a breach of warranty for its failure to defend Intervenor in this action. Intervenor's Resp. ¶ 13–14, ECF No. 185. That case settled and the contents of that settlement are protected by a confidentiality agreement. *Id.* Plaintiff contends, "upon information and believe," that Bank of America made a cash payment as part of that settlement and Plaintiff is entitled to have her damages offset by this payment. Pl.'s Trial Br. 4, ECF No. 184.

As Intervenor notes, Plaintiff did not plead a right to an offset in her First Amended Complaint, nor has that issue been raised in prior summary judgment motions. Intervenor's Resp. ¶ 14, ECF No. 185. As far as the Court is aware, the issue of an offset did not arise until the pre-trial hearing on August 10, 2016. Min. Entry, ECF No. 182.

"The right of offset is an affirmative defense which must be pleaded and proved by the party asserting it." *Zuniga v. Velasquez*, 274 S.W.3d 770, 774 (Tex. App.—San Antonio 2008, no pet.) (citing *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980); *Hartnett v. Hampton Inns, Inc.*, 870 S.W.2d 162, 166 (Tex. App.—San Antonio 1993, writ denied)). "Generally, an affirmative defense must be pled in a responsive pleading, or the defense is waived." *Zuniga*, 274 S.W.3d at 774 (citing Tex. R. Civ. P. 94; *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992)). Because Plaintiff failed to timely plead her right to offset, she will not be permitted to raise this affirmative defense now.

In her Reply, Plaintiff contends that she did not plead an offset because Intervenor did not inform her of the litigation and she asks that the Court re-open discovery. Pl.'s Reply 4, ECF No. 187. However, the Court would have to do more than re-open discovery to allow the offset argument, the Court would be required to allow Plaintiff to amend her pleading long after the deadline for amendment has passed. *See* Scheduling Order, September 3, 2014, ECF No. 69.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff has not carried her burden in showing that good cause exists to modify the scheduling order. She offers only the justification that Intervenor's did not inform her of the litigation. Reply 4, ECF No. 187. She does not address any of the other factors the Fifth Circuit has held should determine if there is good cause to modify a scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("We consider (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.") (internal quotations

removed) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997)).  Considering the late filing of this request and Plaintiff's failure to properly brief the issue, Plaintiff's request to modify the scheduling order is denied.

        2.        <u>Increase in the Property's Market Value</u>

In Plaintiff's trial brief, Plaintiff also added the argument that her damages should be offset by the increase in the Property's value during the period of Plaintiff's possession. Pl.'s Trial Br. 5, ECF No. 184.  This is a reversal of her position at the pre-trial hearing that the HUD Fair Market Rent was too high because of the poor condition of the house.  Min. Entry, ECF No. 177.  According to Plaintiff, in September 2013 the Property was appraised by the Dallas Central Appraisal District ("DCAD") as being worth $297,600 in 2013.  Pl.'s Trial Br. 5, ECF No. 184.  Now, DCAD appraises the Property at $377,900. *Id.*  Plaintiff contends the $80,000 appreciation in value from 2013 to 2016 is a result of her improvements and should offset any rental damages owed.

However, Plaintiff has not cited improvements she made to the Property that contributed to the increase in value.  Without evidence that the appreciation in the value of the house is attributable to the improvements made by Plaintiff, she raises no fact issue and her argument fails. *See Morrow v. Preston*, 209 S.W. 270, 271 (Tex. App.—Texarkana 1919, no writ) (if defendants "did not plead any valuable and permanent improvements on the land . . . they will not be allowed to recover for the value thereof"); *Root v. Mecom*, 542 S.W.2d 878, 882 (Tex. App.—Beaumont 1976, no writ) ("defendants had the burden of pleading and proving the extent to which good faith improvements, if any, had enhanced the value of the land in question") (citing *Sharp v. Stacy*, 525 S.W.2d 721, 723–724 (Tex. Civ. App.—Eastland 1975, writ denied); *Herndon v. Reed*, 82 Tex. 647, 18 S.W. 665

(Tex. 1891)). Furthermore, her offset affirmative defense has not been timely pleaded. *See Zuniga*, 274 S.W.3d at 774.

### C. Amount of Damages

The Court calculates Intervenor's damages as follows: Intervenor obtained title to the property on May 3, 2013, when Plaintiff was already in possession. First Michael Wick Declaration, App. 45, ECF No. 34-1. Plaintiff vacated the premises sometime in 2016 but Intervenor has agreed to limit damages through the end of 2015. Intervenor's Resp. ¶ 4, ECF No. 185. As Plaintiff has offered no reason accepted by the Court to shorten the period of time for which Intervenor is entitled damages, Intervenor is entitled to rental damages for the period starting May 3, 2013, and ending December 31, 2015.

Both parties have stipulated to the HUD Fair Market Rent for a similar three-bedroom house in the Property's zip code. Intervenor's Resp. ¶ 2, ECF No. 185. The HUD Fair Market Rent of a three-bedroom home in the 75248 zip code was $1,290 in 2013; $1,330 in 2014; and $1,350 in 2015. HUD Fair Market Rents, App. 14, 23, 34, ECF No. 156. Intervenor calculated the total damages for loss of rental value from May 3, 2013, through December 31, 2015, under these values as $41,190. Second Michael Wick Declaration, App. 4, ECF No. 185-1 (calculating $9,030 (7 months x $1,290) for 2013; $15,960 (12 x $1,330) for 2014, and $16,200 (12 x $1,350) for 2015). The Court adopts this calculation.

### D. Attorney's Fees

Intervenor asks that in addition to rental damages, the Court grant Intervenor "costs of suit." Intervenor's Resp. 6, ECF No. 185. To the extent this is a request for attorneys fees on the trespass-to-try-title claim, under Texas law attorney's fees are not permitted in a trespass-to-try-title suit.

*Cadle Co. v. Ortiz*, 227 S.W.3d 831, 837 (Tex. App.—Corpus Christi 2007, pet. denied) (citing *Martin v. Amerman*, 133 S.W.3d 262, 264 (Tex. 2004)); *EOG Res., Inc. v. Killam Oil Co.*, 239 S.W.3d 293, 304 (Tex. App.—San Antonio 2007, pet. denied) ("The recovery of attorneys' fees under a trespass to try title is barred because it is not provided for by the property code."). Accordingly, Intervenor is not entitled to attorney's fees on this claim.

## IV.  CONCLUSION

Based on the foregoing, the Court finds Intervenor's Third Motion for Summary Judgment should be and is hereby **GRANTED**.  Accordingly, Plaintiff is **ORDERED** to pay Intervenor rental damages of $41,190.  The Magistrate Judge's Findings, Conclusions, and Recommendation is **moot**.

**SO ORDERED** on this **26th day** of **September, 2016.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**